# EXHIBIT D

```
                                                                    1115

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

   - - - - - - - - - - - - - X

   UNITED STATES OF AMERICA,   :
                                            94 CR 108

          -against-                         United States Courthouse
                               :            Brooklyn, New York

   JOSEPH SIMONE,

             Defendant.
                               :            October 20, 1994
                                            9:30 o'clock a.m.
   - - - - - - - - - - - - - X

                         TRANSCRIPT OF TRIAL
              BEFORE THE HONORABLE RAYMOND J. DEARIE
            UNITED STATES DISTRICT JUDGE, and a jury


   APPEARANCES:

   For the Plaintiff:          ZACHARY W. CARTER
                               United States Attorney
                               BY:  STANLEY OKULA, and
                                    KAREN A. POPP
                               Assistant United States Attorneys
                               225 Cadman Plaza East
                               Brooklyn, New York 11201


   For the Defendant:          JOHN PATTEN, ESQ.




   Court Reporter:             Henry R. Shapiro
                               225 Cadman Plaza East
                               Brooklyn, New York
                               718-330-7687


   Proceedings recorded by mechanical stenography, transcript
   produced by CAT.




           HENRY SHAPIRO          OFFICIAL COURT REPORTER
```

(Jury present.)

THE COURT: Please be seated, folks. The reward, I guess for this long morning that you are having, as soon as you are finished, your lunch will be here and you can relax for a few moments.

I'm going to take a second to secure the courtroom. Obviously we're not locked in, by locking that door we eliminate the public, in and out traffic. Obviously, what I'm about to say, which should take us about 45 minutes, estimates have been somewhat off the mark, I think that is a pretty reliable estimate.

It's important, although this is not a memory test for you, you'll be given a copy of my instructions to have with you during the course of your deliberation.

If you are saying, how in Heavens name will I remember this, we've anticipated that as well, and you'll have an opportunity to request further instructions or clarification as the need arises.

You have now heard the summation of counsel, consider counsel arguments they may stimulate your thinking and assist you in your consideration and assessment of the evidence. But remember, counsels' statements and arguments are not evidence. You are to consider only the evidence in the case and any inferences that may reasonably be drawn from the evidence. You are not to speculate about matters that are not

1209

charged in the indictment, then you should find him guilty of that charge.

The indictment charges "in or about" and "on or about" and "between" certain dates. The proof need not establish with certainty the exact date of the alleged offense or offenses. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

I will now turn my attention to the specific charges in the indictment. The indictment charges the defendant, Joseph Simone, in four counts. That is to say, four specific and separate allegations.

A separate crime is charged in each count. Each count and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged does not determine your verdict as to the other offenses charged against him.

Count One of the indictment charges that Joseph Simone conspired with others to convert and, without authority, sell or convey confidential law enforcement information.

Count One reads as follows. Now I quote from the indictment. "On or about and between mid-1992 and December 8, 1993, within the Eastern District of New York, the defendant

1  Joseph Simone, Armando Decostanza and others did knowingly,
2  willfully and unlawfully, conspire to embezzle, steal and
3  knowingly convert to their own use and the use of others, and,
4  without authority, to sell, convey and dispose of, things of
5  value of the United States, to wit:  confidential law
6  enforcement information concerning members and associates of
7  the Colombo organized crime family, which information had a
8  value in excess of $100 in violation of Section 641 of Title
9  18, United States Code.  In furtherance of said conspiracy,
10 and in order to effect its object, the defendant did commit
11 and cause to be committed the following overt acts.
12        "One.  In or about December 1992, defendant Joseph
13 Simone, then a New York City police detective assigned to the
14 joint organized crime task force, a task force comprised of
15 officers from the New York City Police Department and special
16 agents of the Federal Bureau of Investigation, met with
17 Armando Decostanza and a co-conspirator at a location on
18 Staten Island.  The purpose of the meeting was for Armando
19 Decostanza and the co-conspirator to give defendant Joseph
20 Simone $1,000.
21        "Two.  In August 1993, Armando Decostanza asked
22 Joseph Simone to determine whether the FBI had any information
23 developed on criminal activities of a family member of William
24 Cutolo, a member of the Colombo organized crime family.
25        "Three. In August 1993, defendant Joseph Simone

determined that the FBI did not have any information developed on the criminal activities of the family member of William Cutolo, and so informed Armando Decostanza.

"Four. In late September 1993, defendant Joseph Simone heard from sources within the FBI that the FBI was investigating Armando Decostanza for credit card fraud.

"Five. In late September or early October 1993, defendant Joseph Simone informed Armando Decostanza that he was under investigation by the FBI for credit card fraud.

"Six. In November 1993, defendant Joseph Simone informed Armando Decostanza that arrests of members of the Colombo organized crime family were expected and that defendant Joseph Simone would alert Armando Decostanza of any pending arrests if he learned of the arrests in advance."

Count One, ladies and gentlemen, charges the defendant with violating Section 371 of Title 18 of the United States Code. That section, in pertinent part, provides, and again I quote, "If two or more persons conspire to commit any offense against the United States, and one or more of such persons do any act to effect the object of the conspiracy, each is guilty of a crime."

Under Title 818, United States Code, Section 641, it is a federal crime to steal and convert property and things of value of the United States, that is, confidential law enforcement information, as I will explain in detail.

must prove beyond a reasonable doubt is that the overt act was committed for the purpose of carrying out the unlawful agreement.

In order for the government to satisfy this element, it must prove, beyond a reasonable doubt, that at least one overt act was knowingly and willfully done, by at least one conspirator, in furtherance of some object or purpose of each conspiracy, as charged in the indictment. In other words, the term overt act means any act, even one which may appear innocent and legal when considered in isolation, which is knowingly committed by a conspirator in furtherance of the conspiratorial objective.

If you find that the government has proven these four elements beyond a reasonable doubt, then you should convict the defendant of Count One, the conspiracy count. If the government failed to prove any one element beyond a reasonable doubt, then you must acquit the defendant on Count One.

Count Two of the indictment charges the defendant, Joseph Simone, together with Armando Decostanza and others, were stealing and converting to their own use confidential law enforcement information concerning members and associates of the Colombo organized crime family. Count Two reads as follows:

"On or about and between fall 1992 and December 8, 1993, within the Eastern District of New York, the defendant

```
                                                            1219
```

1  Joseph Simone, Armando Decostanza and others, did knowingly,
2  willfully and unlawfully steal and knowingly convert to their
3  own use and the use of others, and did without authority,
4  sell, convey and dispose of, things of value of the United
5  States, to wit: confidential law enforcement information
6  concerning members and associates of the Colombo organized
7  crime family, which information had a value in excess of
8  $100."
9           The defendant is charged with violating Section 641
10 of Title 18 of the United States Code, which provides that:
11 "Whoever steals or knowingly converts to his use or the use
12 of another, or without authority, sells, conveys or disposes
13 of anything of value of the United States or of any department
14 or agency thereof, having a value in excess of $100 is guilty
15 of a crime."
16          In simple terms, the statute I just read makes it a
17 federal crime for anyone to steal, convert, convey or sell any
18 property or thing of value belonging to the United States
19 having a value of more than $100.
20          The defendant can be found guilty of Count Two of the
21 indictment only if all of the following elements are proved
22 beyond a reasonable doubt, and there are three.
23          First, that the property or thing of value of the
24 United States belonged to the United States and had a value in
25 excess of $100 at the time alleged;

1 voluntarily and not as the result of mistake, accident, or
2 negligence, or any other innocent reason.
3        A person acts willfully or unlawfully if he acts with
4 a bad purpose either to disobey or disregard the law.
5        Finally, Count Two of the indictment charges
6 generally that between fall of 1992 and December 8, 1993, the
7 defendant knowingly stole and converted confidential law
8 enforcement information.  During the trial, the government has
9 identified several specific pieces of information that they
10 argue were unlawfully converted by the defendant.  You should
11 be aware that in order to convict the defendant on Count Two
12 of the indictment, you must all agree on a specific piece of
13 confidential law enforcement information that the defendant
14 unlawfully converted for his own purposes.  If you cannot all
15 agree upon any one piece of information that the defendant
16 unlawfully converted, then you must acquit the defendant on
17 Count Two.
18        Counts Three and Four charge the defendant, Joseph
19 Simone, with receiving a bribe.  And they read as follows:
20        "On or about December 1992, within the Eastern
21 District of New York, the defendant Joseph Simone, being a
22 public official, knowingly, corruptly and personally received
23 and accepted, and agreed to receive and accept, things of
24 value, to wit:  cash, in return for being induced to do acts
25 in violation of his official duty."

1223

1  Count Four reads, and again I quote,

2  "On or about August 1993, within the Eastern District
3  of New York, the defendant Joseph Simone, being a public
4  official, knowingly, corruptly and personally received and
5  accepted, and agreed to receive and accept, things of value,
6  to wit, cash, in return for being induced to do acts in
7  violation of his official duty."

8  The defendant is charged with a violation of Section
9  201(b)(2)(C) of Title 18 of the United States Code. And that
10 section provides:

11 "Whoever, being a public official or person selected
12 to be a public official, directly or indirectly, corruptly
13 demands, seeks, receives, accepts or agrees to receive or
14 accept anything of value, personally or for any other person
15 or entity, in return for, being induced to do or omit to do
16 any act in violation of his official duty is guilty of a
17 crime."

18 Ladies and gentlemen, the parties have stipulated --
19 again, that means agreed, that Joseph Simone, as a Special
20 Deputy United States Marshal was a New York City police
21 officer and special deputy, a "public official" as that term
22 is used in Section 201(b)(2).

23 An "official act" is defined as any decision or
24 action on any question, matter, cause, suit, proceeding or
25 controversy, which may at any time be pending, on which may by

HENRY SHAPIRO          OFFICIAL COURT REPORTER