F.#2006v0596

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MARIA GRANCIO, individually and in her
capacity as Executrix and Personal Representative
of the Estate of Nicholas P. Grancio,

        Plaintiff,                      Civil Action
                                          No. CV-06-0069

  -against-

R. LINDLEY DeVECCHIO,                         (Block, J.)
CHRISTOPHER FAVO,                                (Pollak, M.J.)
UNITED STATES OF AMERICA,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DEFENDANT UNITED STATES OF AMERICA'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>

                                                             ROSLYNN R. MAUSKOPF
                                                             United States Attorney
                                                             Eastern District of New York
                                                            Attorney for Defendant United States
                                                             One Pierrepont Plaza
                                                            Brooklyn, New York  11201

GAIL A. MATTHEWS
Assistant U.S. Attorney
(Of Counsel)

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I
     PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE
     CLAIM PRIOR TO FILING THIS FTCA ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

     A.     An Action Is "Instituted" And Jurisdiction For an FTCA Claim
           Must Exist Upon Filing Of The Original Complaint . . . . . . . . . . . . . . . . . . . . . . 3

     B.     An Action Is Not "Instituted" Upon The Filing Of An Amended Complaint . . . . 4

     C.     The Filing Of A Scope of Employment Certification Does Not Affect The Date
           On Which An Action On a Tort Claim is "Instituted" Under Section 2675 . . . . . 6

     D.     The "Relation Back Rule" Does Not Salvage Plaintiff's FTCA Claims . . . . . . . . 9

     E.     The Court Should Not Use its Equitable Powers to Hold that Plaintiff's
           Action Against the United States was "Instituted" Upon
           The Filing Of An Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

POINT II
     PLAINTIFF FAILED TO FILE AN ADMINISTRATIVE CLAIM
     WITHIN THE FTCA'S TWO YEAR LIMITATIONS PERIOD . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## PRELIMINARY STATEMENT

The United States, by its attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Gail A. Matthews, Assistant U.S. Attorney, of counsel, respectfully submits this reply memorandum of law in further support of its motion to dismiss the First Amended Complaint ("Amended Complaint") or, in the alternative, for summary judgment.

As set forth in Point I, below, Plaintiff's Consolidated Memorandum in Response to Defendants' Motions to Dismiss, For Summary Judgment or For a Stay ("Pl's Br.") acknowledges that plaintiff filed her administrative claim with the agency on January 6, 2006, the very same day that this lawsuit was instituted. Pl's Br. at p.4. Thus, plaintiff's FTCA claims (Am. Comp. Counts II-XI) had not been administratively exhausted at the time this lawsuit was instituted, and the claims must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Because the claim is now time-barred for failure to file a new action within six (6) months of the October 4, 2006 denial of her administrative claim, the tort claims should be dismissed with prejudice.

In addition, as set forth in Point II, below, the applicable two year statute of limitations bars the FTCA claims. Plaintiff's opposition papers acknowledge that, by 1992, she was aware of the injury for which she seeks damages (i.e., the January 7, 1992 death of decedent Nicky Grancio ("Grancio")), and that, long before she filed her January 6, 2006 claim, the facts underlying her claim of a causal connection between the government and Nicky Grancio's death had received "widespread media coverage." Accordingly, the FTCA claims must be dismissed as time barred.

## STATEMENT OF FACTS

For the Court's convenience, the United States' Rule 56.1 Statement of Undisputed Facts and plaintiff's response, see "Plaintiff Maria Grancio's Consolidated Local Rule 56.1 Statement" at pp.3-10, have been consolidated in a single document entitled: Defendant United States' Reply Statement of Facts Pursuant to Local Civil Rule 56.1 ("Govt's Reply 56.1").[1]

---

[1] Defendant United States joins in, and incorporates by reference, Defendant Favo's responses and objections to Plaintiff's "Additional Material Facts as to Which a Genuine Issue to be Tried Exists" at Pl's Consolidated 56.1 at pp.16-28.

# ARGUMENT

## POINT I

### PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS FTCA ACTION

As set forth in the United States' opening brief (Gov't Br. at pp.5-7), plaintiff failed to exhaust her administrative remedies under the FTCA. Specifically, because plaintiff filed her administrative claim with the Federal Bureau of Investigation ("FBI") on the very day she initiated the instant civil action, plaintiff failed to both present her claim to the agency and have the claim finally denied by the agency before instituting this action. By prematurely filing this action, plaintiff has deprived the court of jurisdiction over all of her tort claims (Am. Comp. Counts II-XI). See 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 110, 113 S. Ct. 1980 (1993).

Plaintiff begins her opposition to this straightforward argument by claiming that it is confusing and that there is a "disconnect" between the exhaustion argument made by the government and the heading of the argument. See Pl's Br. at pp.1-2 & n.1. In the United States' opening brief, the heading of Point II states: "Plaintiff failed to file her administrative claim prior to filing this action." See Govt's Br. at p.5. There is no "disconnect." She did not file her claim with the FBI prior to filing this action. See id. at pp.5-7. As plaintiff admits, she filed both the claim and the action on the very same day. See Pl's Br. at p.4. This simultaneous commencement of the exhaustion process and the judicial action does not satisfy § 2675's dual requirement that "a claim must be presented and then finally denied" prior to instituting suit. Romulus v. U.S., 983 F. Supp. 336, 343 (E.D.N.Y. 1997). Thus, this court lacks subject matter jurisdiction over all the tort claims asserted in this action. See Govt's Br. at pp.4-7.

While trying to depict the government's exhaustion argument as confusing, plaintiff asks the court to salvage her prematurely-filed tort claims by adopting an argument that would vitiate the jurisdictional prerequisites of § 2675. Specifically, even though this judicial action was instituted on January 6, 2006, plaintiff argues that her action against the United States was not "instituted" for

2

FTCA purposes until October 4, 2006, when she filed the Amended Complaint and, for the first time, expressly named the United States as a defendant in this action. Pl's Br. at p.5. Plaintiff is wrong.

**A.     An Action Is "Instituted" And Jurisdiction For An FTCA Claim Must Exist Upon Filing Of The Original Complaint**

In 1993, federal courts were split on whether a prematurely-filed FTCA claim could be heard if plaintiff exhausted her administrative remedies soon after the institution of the action. The Supreme Court settled the matter and held that an action could not be instituted before the underlying administrative claim had been "finally denied" by the agency. McNeil, 508 U.S. at 111, 113 S. Ct. at 1983. In applying McNeil, federal courts have expressly held that a FTCA action is "instituted" on the date on which the original complaint was filed:

> According to the Supreme Court, "the word 'institute' is synonymous with the words 'begin' and 'commence.'" McNeil v. United States, 508 U.S. 106, 112, 113 S. Ct. 1980, 124 L. Ed.2d 21 (1993). Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Thus, an action is instituted for purposes of section 2675(a) when the complaint is filed. See McNeil, 508 U.S. at 112, 113 S. Ct. 1980 (rejecting the argument that an action is instituted when "substantial progress has been made in the litigation").

Barrett ex rel. Estate of Barrett v. U.S., 462 F.3d 28, 37 (1st Cir. 2006)(rejecting argument that an action is instituted on the date service of process is effectuated rather than complaint filed).

Further, § 2675 "requires that jurisdiction must exist at the time the complaint is filed." Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981). Specifically, jurisdiction for the FTCA claims must exist at the time the original complaint is filed. See Hines v. City of New York, No. 94 Civ. 5109 (JSM), 1996 WL 706877, at *1 (S.D.N.Y. Dec. 9, 1996) (citing McNeil in dismissing amended complaint because the claim against the U.S. would have been premature if asserted in original complaint prior to exhaustion); see also Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir. 2006) (dismissing prematurely filed action even though exhaustion period concluded during pendency of judicial action and a new action would be time-barred under § 2401(b)); Plyler v. U.S., 900 F.2d 41, 42 (4th Cir. 1990) ("Since the district court had no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the motion to dismiss until the

3

requisite [six month] period [under § 2675] had expired."); Rambarrat ex rel. Rambarrat v. U.S., 347 F. Supp. 2d 6, 9 (S.D.N.Y. Dec. 3, 2004) (jurisdictional defect cannot be remedied by exhausting administrative remedies during pendency of suit); Cabaniss v. United States, 2000 WL 369694 (E.D. La. Apr. 10, 2000) (same); Dorman v. Thornburgh, 740 F. Supp. 875, 879 (D.D.C. Jun. 14, 1990) (same).  Thus, an action is instituted when the initial complaint is filed and that date determines whether subject matter jurisdiction exists for the FTCA claim.

**B.     An Action Is Not "Instituted" Upon The Filing Of An Amended Complaint**

As set forth in Point I(A), above, subject matter jurisdiction over an FTCA claim must exist on the date that an action is instituted, and an action is instituted upon the filing of the original complaint.  Accordingly, an amended complaint that is filed after the exhaustion period has expired cannot cure the jurisdictional defect of a prematurely filed action.  See Hoffenberg v. Provost, 154 Fed. Appx. 307 (3d Cir. 2005)("the amended complaint cannot serve as the date the federal suit was 'instituted'"); Brown v. Hendershot, 2006 WL 2707432, at *4 (M.D. Pa. Sept. 19, 2006)("The filing of an amended complaint does not cure the defect."); Webster v. U.S., 2005 WL 3031154, at *2 (E.D. Cal. Nov. 8, 2005) (dismissing with prejudice and noting that "a plaintiff cannot bring a FTCA action prematurely and then subsequently amend his complaint after denial of the administrative claim because the district court lacks jurisdiction over an FTCA action filed before the exhaustion requirement of Section 2675(a) is satisfied"); Rambarrat, 347 F. Supp.2d at 9 (amended complaint will not cure defect; new action necessary); Williams v. U.S., 2004 WL 906221, *3 (S.D.N.Y. Apr. 28, 2004) (same); Hines, 1996 WL 706877, at *1 ("[P]laintiff cannot rely on an amended complaint when the original complaint ... was premature .... [P]laintiff cannot proceed unless he brings a new action within six months after the administrative denial of his claim."); Sparrow v. USPS, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993) (same); Govt's Br. at p.7.

In a case procedurally similar to the instant action, Gaerman v. F.B.I., 2003 WL 23537963, at *2 (D. Or. Sep. 29, 2003), the plaintiff's original complaint did not name the United States as a party; instead, the original complaint asserted Bivens-type claims and common law

4

negligence claims against individual FBI Special Agents. While the lawsuit was pending, plaintiffs exhausted their administrative remedies under the FTCA and the United States was substituted as the proper party defendant regarding the negligence claims. Id. Because the tort claims had not been exhausted administratively at the time the original complaint was filed, the tort claims were dismissed. Id. The court observed that, even though plaintiff had exhausted the FTCA claims prior to naming the government as a defendant, plaintiffs could not amend the complaint in the existing action to name the United States as a defendant:

> The administrative exhaustion period has since expired and plaintiffs seek to amend their complaint to add the United States as a defendant. However, as noted by the Magistrate Judge and argued by the defendants, a premature "complaint cannot be cured through amendment, but instead, plaintiff must file a new suit."

Id.

      In the instant action, as in Gaerman, plaintiff's original complaint asserted Bivens-type claims and common law negligence claims against individual FBI agents, defendants Favo and DeVecchio. See Jan. 6, 2006 Complaint. Plaintiff admits in her brief that, at a premotion conference with the parties on September 15, 2006, this Court told plaintiff that the individual defendants were not proper parties with respect to the common law tort claims and that the Court would consider imposing Rule 11 sanctions if the tort claims against the defendants were not removed. See Pl's Br. at p.4; Docket Entry No. 28. Even though the Court had expressly observed that the tort claims were governed by the FTCA, and plaintiff admits that she was directed by this Court to remove the tort claims from the complaint, she failed to do so.[2] Instead, on October 4, 2006, plaintiff filed her

---

[2] Plaintiff states that following the filing of her administrative claim, her "plan at that time was to file a separate FTCA claim once the same was ripe under the FTCA, with either the passage of 6 months without action or on the denial of her administrative claim." Pl's Br. at p.4. Plaintiff, however, implies, without expressly stating, that the September 15, 2006 premotion conference, and the Court's decision to grant plaintiff one opportunity to amend the complaint in order to avoid "piecemeal" litigation, led the plaintiff to amend the complaint to expand her tort claims and name the United States as a defendant. Plaintiff twists the context in which the Court said it wanted to avoid "piecemeal" litigation; the Court expressly stated that plaintiff would not be permitted multiple opportunities to amend the complaint, and the individual defendants would not be put to the task of filing a series of dispositive motions. As the Court's directive to dismiss the tort claims makes clear, the Court never implied that plaintiff should either expand the common law claims against the individual defendants or amend the existing complaint

5

Amended Complaint, naming the United States as a defendant and attempting to assert tort claims against all the defendants. See Am. Comp. Counts II-XI. As in Gaerman, however, all of the tort claims must be dismissed because plaintiff failed to exhaust her administrative remedies before filing the original complaint on January 6, 2006.

### C. The Filing Of A Scope of Employment Certification Does Not Affect The Date On Which An Action On a Tort Claim is "Instituted" Under Section 2675

Seizing on the fact that the Attorney General did not certify that defendants Favo and DeVecchio were acting within the scope of employment until after plaintiff filed her Amended Complaint, plaintiff argues that the tort claims in the original complaint were merely common law claims that were never "transformed . . . into FTCA claims." See Pl's Br. at p.6; see also id. at pp.7-8, 10-11. In other words, plaintiff argues that her actions in filing an Amended Complaint prior to the Attorney General filing a certification of scope of employment cut off the United States' right to be substituted as the sole, proper defendant in connection with the tort claims in the original complaint. See Pl's Br. at pp.6-12. Plaintiff's argument runs counter to common sense and the law.

First, as set forth in Point I(B), above, during the September 15, 2006 pre-motion conference, this Court directed plaintiff to remove the tort claims from this action or face Rule 11 sanctions (see Pl's Br. at p.4). In so doing, the Court expressly observed that the common law tort claims asserted in the original complaint were governed by the FTCA and would only lie against the United States. Thus, plaintiff's argument that the tort claims in the original complaint were not FTCA claims is incorrect. Further, because the Court ordered plaintiff to dismiss the common law tort claims in the original complaint, and the government knew those claims had not been administratively exhausted, certification of scope of employment appeared unnecessary.

Second, the FTCA sets no deadline for filing a scope-of-employment certification other than the provision that, in cases filed against federal employees in state court, the Attorney

---

to name the United States as a defendant.

6

General must, prior to trial, certify scope of employment, substitute the United States, and remove the case to district court.  See 28 U.S.C. § 2679(d); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 81 (2d Cir. 2005) (declining to add any temporal limitation to the certification process); Dufort v. Burgos, 2005 WL 2660384, at *4 (E.D.N.Y. Oct. 18, 2005) (Block, J.)(dismissing Bivens-type claims and directing individually named defendant to obtain certification of scope of employment from the Attorney General or move the court for certification for remaining tort claims).  Cf. McLaurin v. U.S., 392 F.3d 774 (5th Cir. 2004) (noting that "at any time before trial" is the only temporal limitation on § 2679's certification procedure); Sullivan v. U.S., 21 F.3d 198, 205-06 (7th Cir. 1994) (same).  Thus, the Attorney General was not required to certify scope of employment by a set date or prior to the time plaintiff amended the complaint.

Third, the plain language of the FTCA has long established that "upon certification" the United States is deemed the defendant from the outset of the litigation.  Henderson v. Kelly, 429 F.2d 588, 590 (10th Cir. 1970) ("In this situation the United States became a party as a matter of law when the action was filed in the state court, regardless of when it was formally substituted as a party defendant.").  Indeed, 28 U.S.C. § 2679(d)(1) provides that:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant.

Id.  The "scope-of-employment certification substitutes the United States for an individual employee by operation of law." Nelson v. Kemper, 2006 WL 2523003, at *3 (D.D.C. Aug. 30, 2006).  See also Haley v. Osborn, 127 S. Ct. 881, 900 (2007)(upon certification the pending action is "deemed" brought against the United States); B & A Marine Co. v. American Foreign Shipping Co., 23 F.3d 709, 713 (2d Cir. 1994) (same).  Nowhere does the FTCA state that the date of certification marks

7

the date on which the claims are deemed asserted against the United States.[3]

Finally, the Second Circuit has observed that, in passing the Westfall Act, Congress endorsed the approach taken in Kelley v. United States, 568 F.2d 259 (2d Cir.1978), which treated the date of commencement of the original lawsuit against a federal employee as the critical date for purposes of determining whether an otherwise late-filed administrative claim will be deemed timely pursuant to Fed. R. Civ. P. 2679(d)(5). Celestine, 403 F.3d at 84. Thus, neither Congress nor the Second Circuit have implied that the certification of scope of employment impacts the date on which a claim is deemed asserted against the United States.

Here, while plaintiff's Amended Complaint added tort claims expressly against the United States, it also continued to assert the very common law tort claims alleged against Favo and DeVecchio in the original complaint. Compare Jan. 6, 2006 Comp. at Counts II-V with Am. Comp. at Counts II, IV, VI-VII. Because plaintiff failed to remove the tort claims from this action as this Court requested on September 15, 2006, and because defendants Favo and DeVecchio were acting within the scope of their employment at the time of the incidents out of which the tort claims arose, the government certified that defendants Favo and DeVecchio were acting within the scope of their employment at the time of "the incidents" out of which Counts II-XI of the Amended Complaint arose. See CV-06-0069, Docket Entry Nos. 45-46. These incidents, which allegedly resulted in Grancio's wrongful death, were the same incidents alleged in the original complaint. In sum, regardless of the timing of the certification, this civil action is deemed, by operation of law, under 28 U.S.C. § 2679(c), an action against the United States and the United States is deemed the defendant with respect to all tort claims asserted from the outset of this action on January 6, 2006.

---

[3] Plaintiff's opposition brief discusses various cases that stand for the proposition that federal employees who commit torts while acting outside the scope of their employment can be sued in their individual capacities on claims sounding in both tort and Bivens, and that certifications of scope of employment are subject to judicial review. See Pl's Br. at pp.6-7. These cases are immaterial to this action because, here, the conduct of the individual defendants has been certified as occurring within the scope of their respective employment and no party has challenged the certification.

8

Plaintiff asserts that "[t]he USA's argument would turn the certification process into a weapon and would have it operate in a way never intended." Pl's Br. at p.12. On the contrary, following plaintiff's argument to its logical conclusion, the attorney general could trigger the date on which a common law tort claim is converted, for subject matter jurisdiction purposes, into a FTCA claim. If that were possible, "the government could 'sandbag' a plaintiff by waiting to certify the action until after the limitations period." Staple v. U.S., 740 F.2d 766, 769 (9th Cir. 1984) (citing McGowan v. Williams, 623 F.2d 1239 (7th Cir. 1980)). This is not the law. It is axiomatic that the Attorney General could not use his authority to certify scope-of-employment to manipulate the subject matter jurisdiction of this court. Cf., Miller v. FCC, 66 F.3d 1140, 1144 (11th Cir. 1995) ("it is axiomatic that Congress has not delegated, and could not delegate, the power to any agency to oust state courts and federal district courts of subject matter jurisdiction"); United States v. Mitchell, 18 F.3d 1355, 1360 n.7 (7th Cir. 1994); Neves v. Kolaski, 602 F. Supp. 645 (D.R.I. 1985).

**D.     The "Relation Back Rule" Does Not Salvage Plaintiff's FTCA Claims**

Plaintiff declares repeatedly that, because the United States was not named as a party in the original complaint, the FTCA claims in the Amended Complaint should be deemed to relate back to the filing of the administrative claim, not the filing of the original complaint. See Pl's Br. at pp.5, 7, 8, 12. While plaintiff acknowledges that the Bivens-type claims asserted in the Amended Complaint relate back to the filing of the original complaint under Fed. R. Civ. P. 15(c) (see Pl's Br. at p.5, 11), plaintiff asks this court to find that the FTCA claims "simply related back to the administrative FTCA claim" (id.). This argument must be rejected for a number of reasons.

First, plaintiff's support for this argument is premised on dictum in the pre-McNeil case styled Morano v. U.S. Naval Hosp., 437 F.2d 1009 (3d Cir. 1971). See Pl's Br. at p.7. Morano was part of the Third Circuit line of cases, culminating in Kubrick v. United States, 581 F.2d 1092 (3d Cir. 1978), that permitted prematurely-filed FTCA claims to remain in abeyance while claimant-plaintiffs completed the administrative exhaustion process. The Supreme Court in McNeil expressly identified this Third Circuit line of cases as being at odds with Circuits that required claimants to

9

exhaust § 2675's dual requirements prior to filing suit. See McNeil, 508 U.S. at 110, 113 S. Ct. at 1983. The Third Circuit cases were expressly abrogated by McNeil, which adopted the positions taken in the Fifth and Ninth Circuits. See generally McNeil; Sparrow, 825 F. Supp. at 254. Further, Morano expressly declined to "reach the question of the application of Rule 15(c)." 437 F.2d at 1010. Morano's value is further limited by the fact that it was issued 20 years before the 1991 amendments to Fed. R. Civ. P. 15(c), which governs name-changing pleading amendments.

Second, to the extent that relation back principles apply to this action, Rule 15(c) provides a separate ground for finding that the FTCA claims must be deemed instituted on January 6, 2006, when the original complaint was filed. As amended in 1991, Rule 15(c) states:

> An amendment of a pleading relates back to the date of the original pleading when ... (3) the amendment changes the party or the naming of the party against whom a claim is asserted [and the party to be brought in has received notice of the claims].
>
> The delivery or mailing of process to the United States Attorney . . . or an agency ... satisfies the notice requirement ... with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed. R. Civ. P. 15(c). Here, plaintiff admits that "the USA had notice at all relevant times of the filing of this action, since it was served with a copy of the Complaint at all relevant times of the filing of this action." Pl's Br. at p.4, n.3. Thus, plaintiff's own argument demonstrates that the claims asserted solely against the United States in the Amended Complaint must relate back, by operation of Rule 15(c), to the original complaint. See Roman v. Townsend, 224 F.3d. 24, 27 (1st Cir. 2000) ("substitution [under § 2679] had the same legal effect as an amendment to the complaint adding the United States as a party .... An amendment adding (or changing) a party against whom a claim is asserted relates back to the date of the original pleading [when the notice provisions of Rule 15(c) are satisfied]"). Because the original complaint was filed prior to plaintiff's exhaustion of administrative remedies, and because all the tort claims relate back to the filing of the original complaint, the tort claims must be dismissed for lack of subject matter jurisdiction.

In any event, as set forth in Point I(C), the United States has been substituted for the

10

very tortious acts alleged in the original complaint and, by operation of law, that substitution makes the United States "*the* party defendant" from the January 6, 2006 outset of this case, when there was no subject matter jurisdiction vis-a-vis the tort claims. B & A Marine, 23 F.3d at 713 (emphasis in original). Thus, the tort claims must be dismissed.

**E.     The Court Should Not Use its Equitable Powers to Hold that Plaintiff's Action Against the United States was "Instituted" Upon The Filing Of An Amended Complaint**

In arguing that her Amended Complaint should mark the institution of her FTCA action against the United States, plaintiff observes that a few cases have found that the filing of an amended complaint "can be deemed to be the institution of a new action." Pl's Br. at p. 10. However, these rare cases have allowed amended complaints to constitute new actions only where the government either expressly consented to allowing the amended complaint to effectively constitute a new action or where such a result was warranted by the government's conduct. See Duplan v. Harper, 188 F.3d 1195, 1198 (10th Cir. 1999); Hyatt v. United States, 968 F. Supp. 96, 99-100 (E.D.N.Y. 1997). Plaintiff does not argue that the United States has undertaken any conduct that could be interpreted as a waiver or that would justify an estoppel. See generally Pl. Br. at pp.1-12. See also Martinez v. Lappin, 2004 WL 2457800, at *3 (D. Kan. Nov. 1, 2004)(dismissing for failure to exhaust and noting that the government had not consented to allow an amended complaint to constitute a new action).[4] In fact, on January 29, 2007, when plaintiff was served with the United States' opening brief on this motion and expressly warned that her claim was filed prematurely and a new action had to be instituted to assert viable FTCA claims, plaintiff still had more than two months to file a new suit against the United States. Indeed, following the October 4, 2006 denial of her claim, plaintiff had until April 4, 2007 to file a new action, but she failed to do so. Thus, the

---

[4] While these cases employed equitable principles in applying the FTCA's exhaustion provisions, their holdings conflict with the fact that the FTCA's mandate that claimants "exhaust all administrative remedies before filing a complaint in federal district court . . . is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76 (2d Cir. 2005) (citing McNeil, 508 U.S. at 113 (1993); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).

11

equities favor dismissal of these claims, which is the only result that would honor the FTCA's jurisdictional prerequisites.

As the Tenth Circuit observed in Duplan, "as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'" Duplan, 188 F.3d at 1199. "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement meaningless and impose an unnecessary burden on the judicial system." Id. (citing Sparrow, 825 F. Supp. at 255). Further, the FTCA's exhaustion requirement would be little more than a "statement of procedural niceties." Gregory, 634 F.2d at 204. Cf. Furman v. U.S. Postal Service, 349 F. Supp. 2d 553, 558 (E.D.N.Y. 2004)(dismissing action to avoid a result that "would 'in essence give a claimant who improperly presented her claim a 'pass' into Federal court.'")(quoting Romulus, 983 F. Supp. at 343).

Where, as here, a litigant files an administrative claim on the very day she initiates a judicial action regarding that claim, the goals of administrative exhaustion cannot be met. Indeed, court congestion cannot be eased, litigation cannot be avoided, and the agency can no longer attempt to achieve settlement prior to the initiation of a lawsuit. This is the very reason that the language of 28 U.S.C. § 2675 "requires that exhaustion must be achieved in advance of the federal tort suit, not merely in conjunction with it." Schaffer by Schaffer v. A.O. Smith Corp., 36 F.3d 1097 (6th Cir. 1994) (table), 1994 WL 520853, at *2. See Hallstrom v. Tillamook Cty, 493 U.S. 20 (1989)(staying action for exhaustion period simply does not "honor" the "statutory prohibition" of filing suit prior to "mandatory . . . condition precedent to suit"). In sum, allowing plaintiff Grancio to institute an action while simultaneously exhausting her administrative remedies would in essence give her a "pass" into Federal court.

# POINT II

## PLAINTIFF FAILED TO FILE AN ADMINISTRATIVE CLAIM WITHIN THE FTCA'S TWO YEAR LIMITATIONS PERIOD

As set forth in the United States' opening brief (see Govt's Br. at pp.8-9), under federal law, an action normally accrues at the time of injury. See Kronisch v. United States, 150 F.3d 112, 121 (2d Cir.1998). "The law of accrual is concerned with a plaintiff's knowing that he has suffered an injury, not with any other facts that might support his cause of action." Heins v. Potter, 271 F. Supp. 2d 545, 554 (S.D.N.Y. 2003). In exceptional situations, "courts have made a 'diligence-discovery' exception to this rule, which delays accrual for any plaintiff who is 'blamelessly ignorant of the existence or cause of his injury.'" Mingo v. U.S., 274 F. Supp. 2d 336 (E.D.N.Y. 2003); Kubrick v. U.S., 444 U.S. 111, 122 (1979). The Supreme Court has stated that: "[I]n applying a discovery accrual rule, we have been at pains to explain that discovery of the injury, not discovery of the other elements of a claim, is what starts the clock." Rotella v. Wood, 528 U.S. 549, 555 (2000).

In the instant action, in support of her claim for emotional distress, plaintiff readily admits that "[s]hortly after the murder of her husband, [she] learned about the brutal killing and the details of the shooting." Am. Comp. ¶ 125. Thus, plaintiff discovered her injury shortly after the shooting on January 7, 1992, and that is when the clock started running on her claims.

Anticipating that plaintiff would rely on the Second Circuit's formulation of the "diligence-discovery rule" to support her position that her claim accrued within two years of the January 6, 2006 filing of this action, the United States' opening brief also analyzed the accrual of plaintiff's claim under that rule, as it was formulated in Kronisch, 150 F.3d at 119-22. See Govt's Br. at pp.7-8. As plaintiff hints in her opposition (see Pl's Br. at p.17, n.10), the Kronisch rule may be invalid. In fact, following the government's filing of its opening brief on the instant motion, this court, relying on Rotella, held that the "rule of accrual from Kronisch, . . . is plainly no longer viable after Rotella." Litle v. Arab Bank, PLC, 2007 WL 895504, at *2 (E.D.N.Y. Mar. 22, 2007). The

13

Litle court further observed that accrual does not require knowledge of both harm and causation; instead, "knowledge of harm alone starts the clock." Id. Thus, applying Rotella, there is no question that plaintiff's tort claims accrued upon Grancio's murder in January 1992.

Even if the court were to apply the discovery rule outlined in Kronisch, however, the government's opening brief establishes that plaintiff's claims accrued no later than 1998. See Govt's Br. at pp.8-25. In seeking to refute this conclusion, plaintiff's opposition attempts to rely on McIntyre v. U.S., 367 F.3d 38, 52-57 (1st Cir. 2004) and district court cases within the First Circuit that predate the compelling, more analogous First Circuit caselaw relied upon in the government's opening brief. See Govt's Br. at pp.9-10. The caselaw cited in plaintiff's opposition is discussed in detail in co-defendant Favo's reply memorandum, which is incorporated herein by reference.

In addition to defendant Favo's analysis, it is worth noting that the McIntyre case is distinguishable from the instant case in a number of ways. In McIntyre, plaintiff McIntyre claimed that the FBI caused her son's death by leaking his informant status to known killers who had a relationship with the FBI. McIntyre's death was confirmed when his body was found on May 20, 2000, more than fifteen (15) years after he disappeared. 367 F.3d at 43. Within five days of confirmation of his death (and plaintiff's injury), plaintiff filed her claim (which was found timely) against the government. 367. F.3d at 41. In contrast, in the instant action, plaintiff admits that she knew "shortly after" her husband's January 7, 1992 murder that he was murdered and that the murder was witnessed by plaintiff's nephew. See Am. Comp. ¶¶ 8-10, 25, 125; Govt's Reply 56.1 ¶ 122. Thus, unlike plaintiff McIntyre, plaintiff Grancio had confirmation of her injury at the time of the murder. Also, in assessing the timeliness of plaintiff McIntyre's claim, the First Circuit found extremely relevant that the government had denied repeatedly that the FBI had a relationship with McIntyre's killers and that there had been wrongdoing by a FBI agent. See 367 F3d at 55. In contrast, in the instant case, by the mid-1990s, the government: publicly disclosed Scarpa's informant status; prosecuted Scarpa for Grancio's murder; acknowledged that Agent DeVecchio leaked information to Scarpa; and acknowledged that FBI agents, including Favo, had concealed,

14

for a number of months, suspicions that DeVecchio had revealed confidential information to Scarpa (Govt's Reply 56.1 ¶¶ 30, 60-68, 108; see also ¶¶ 43-53).  Further, by 1995, FBI agents, including Favo, had taken the witness stand and identified instances of DeVecchio leaking information to Scarpa (Govt's Reply 56.1 ¶ 67), and by 1997, a federal prosecutor had testified that: "There is a strong circumstantial case that DeVecchio leaked information to Scarpa.  We don't contest that." Id. at ¶ 107.  Thus, the instant case is easily distinguishable from McIntyre.

In addition, as plaintiff admits in her opposition brief, "it is undeniably true that [by the mid-1990s] there was widespread media coverage of the undeniably corrupt relationship between Gregory Scarpa, Sr. and defendant DeVecchio and even some media coverage, albeit to a far lesser extent, of the corrupt means employed by defendant Favo (and others) to cover up and conceal this corrupt relationship and its murderous results." Pl. Br. at p. 17; see also id. at pp.14, 23, 26.  It is also undisputed that, by 1996, the media connected Grancio's murder to alleged wrongdoing by the FBI.  See Govt's Reply 56.1 ¶ 91. Plaintiff could have done the same, but failed to bring her action until January 2006.  Thus, all of the claims against defendant United States are time-barred.

## CONCLUSION

Defendant United States respectfully requests that the Court grant this motion to dismiss for lack of subject matter jurisdiction or, alternatively, grant the United States summary judgment and such other and further relief as it deems just and proper.

Dated: Brooklyn, New York
       July 30, 2007

                                      ROSLYNN R. MAUSKOPF
                                      United States Attorney
                                      Eastern District of New York
                                      One Pierrepont Plaza, 14th Fl.
                                      Brooklyn, New York 11201

s/ *Gail A. Matthews*
GAIL A. MATTHEWS (5854)
Assistant U.S. Attorney (Of Counsel)