# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

MICHAEL G. CONSIDINE
Attorney at Law

One Canterbury Green
Stamford, CT 06901
T: (203) 977 7330 F: (203) 977 7301
mgconsidine@daypitney.com

August 3, 2007

**VIA ELECTRONIC FILING AND OVERNIGHT MAIL**

Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re: **Maria Grancio v. R. Lindley DeVecchio, Christopher Favo and United States Civil Action No. 06-0069 (Block, J.) (Pollak, M.J.)**

Dear Judge Block:

    We are responding, on behalf of all defendants, to the July 29, 2007 letter from Plaintiff's counsel regarding Plaintiff's request for Rule 56(f) discovery. As set forth below, that request was originally made in Plaintiff's May 16, 2007 response to defendants' pending motions for summary judgment. More than two months later, Plaintiff now asserts that the filing of a formal Rule 56(f) motion should not be required and that any pre-motion conference on her discovery request should be at least deferred.[1] Defendants agree that Plaintiff's Rule 56(f) request need not be re-asserted in a formal motion, and that a pre-motion conference is not necessary.

    In her May 16, 2007 response to defendants' motions, Plaintiff requested discovery under Federal Rule of Civil Procedure 56(f).[2] Defendants duly responded to Plaintiff's Rule 56(f) request in the reply memorandums filed earlier this week, and defendants' motions are now fully briefed and submitted to the Court.[3]

---

[1] It is also unclear whether a discovery request under Rule 56(f) requires a pre-motion conference under Your Honor's Individual Practice Rules.

[2] See Plaintiff's Consolidated Memorandum in Response to Defendants' Motions to Dismiss, For Summary Judgment or For a Stay, dated May 16, 2007, at 34-35, and Affirmation of David Schoen, dated May 14, 2007, at 11-15.

[3] See Favo's Reply Memorandum of Law ("Favo Reply Mem."), dated July 30, 2007, at 12-14; DeVecchio's Reply Memorandum of Law ("DeVecchio Reply Mem."), dated July 30, 2007, at 9.

**DAY PITNEY** LLP

August 3, 2007
Page 2

     Notwithstanding her May 16, 2007 request, and defendants' replies thereto, Plaintiff now queries whether she should file a formal Rule 56(f) motion and request a pre-motion conference. However, Plaintiff acknowledges that these steps may not be necessary, because Plaintiff believes she already has "fully satisfied the requirements" for Rule 56(f) discovery "in [her] opposition papers to the summary judgment motions" and because her request will be addressed in defendants' reply papers. (Pls. Letter at 1-2.) Moreover, Plaintiff suggests that she would only need to file a "formal motion" under Rule 56(f) if she loses on the current papers. (*See* Pls. Letter at 3 (asking that request for pre-motion conference be "held in abeyance" because no "formal Rule 56(f) motion" will be necessary if Court agrees that "summary judgment should not … be considered … without any discovery").) We are unaware of any procedural support for allowing Plaintiff to proceed in this fashion. For all these reasons, the merits of Plaintiff's request under Rule 56(f) should be determined on the basis of the submissions already made.

     In addition, in her July 29, 2007 letter, Plaintiff tries to buttress her May 16, 2007 discovery request with additional authorities. However, the newly-cited authorities also do not support Plaintiff's request for discovery. As explained in *Seneca Beverage Corp v. HealthNow New York, Inc.*, 200 Fed. Appx. 25, 27 (2d Cir. 2006) and the other cases cited therein, a "party opposing summary judgment is not automatically entitled to discovery" but must explain, *inter alia*, how the facts sought are "reasonably expected to create a material issue of fact" and the "efforts the affiant has made to obtain them."

     As discussed in defendants' reply papers, Plaintiff has not made -- and cannot make -- the required showing.[4] (*See* Favo Reply Mem. at 12-14; DeVecchio Reply Mem. at 9.) She has not shown how the broad discovery she seeks is likely to produce facts "reasonably expected to create a genuine issue of material fact" or explained the efforts she has made to obtain those facts. Plaintiff's request also fails under the standard applied in *Seneca* because it is "based on speculation as to what potentially could be discovered". 200 Fed. Appx. at 26-27. (*See* Favo Reply Mem. at 13; DeVecchio Reply Mem. at 9.)

     Far from being denied the opportunity to discover information essential to her claims, Plaintiff has had access to, and has relied extensively upon, the immense evidentiary record compiled over the past decade in public trials and proceedings. (*See* Favo Reply Mem. at 14; DeVecchio Reply Mem. at 9.) Despite that wealth of information, Plaintiff has "proffered no persuasive basis for the district court to conclude that further discovery would yield proof" that would defeat the pending motions. *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F. 2d 506, 511 (2d Cir. 1989). Accordingly, as set forth in defendants' reply memoranda and

---

[4] As also addressed in the reply papers, a court should accord extra weight against discovery in a case that involves -- as this one does -- claims of qualified immunity. (*See* Favo Reply Mem. at 14.)



August 3, 2007
Page 3

recognized by the authorities Plaintiff herself cites, Plaintiff's request for discovery under Rule 56(f) should be denied.[5]

Respectfully submitted,

/s/   Michael G. Considine
Michael G. Considine
Counsel to Defendant Favo

MGC/vcb

cc:   Counsel of Record (via ECF filing)
      Honorable Cheryl L. Pollak

---

[5] *See, e.g.*, Pls. Letter at 2, citing *Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004) and *Trebor Sportswear.*, 865 F. 2d 506 at 511 (both affirming denials of discovery where party did not reasonably show how discovery could alter outcome of motion).