UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
MARIA GRANCIO, individually, and in her :
capacity as Executrix and Personal Representative :
of the Estate of Nicholas P. Grancio, :
 :
               Plaintiff, : CIVIL ACTION NO.
V. : 06 CV 0069 (FB)(CLP)
 :
R. LINDLEY DeVECCHIO; :
 :
CHRISTOPHER FAVO; :
 :
UNITED STATES OF AMERICA. :
 :
              Defendants. :
------------------------------------------------------------------ X

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CHRISTOPHER FAVO'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant Christopher Favo ("Favo"), by and through undersigned counsel, respectfully submits this Supplemental Memorandum of Law in Support of Favo's Motion to Dismiss or, in the alternative, for Summary Judgment, dated January 29, 2007 [Dkt # 66].

**PRELIMINARY STATEMENT**

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007), the Supreme Court expressly abandoned the *Conley v. Gibson* pleading standard that had been in effect at the time Favo served his motion to dismiss in January 2007. As discussed below, the *Twombly* standard has been embraced by the Second Circuit and district courts in this Circuit. That recent precedent confirms that the speculative, implausible and conclusory allegations asserted in the Amended Complaint against Favo are insufficient as a matter of law and that Favo is entitled to dismissal of all the claims against him.

**ARGUMENT**

I.  **Recent Precedent Requires That All Claims Against Favo Should Be Dismissed.**

In his motion to dismiss, Favo argued, *inter alia*, that the Amended Complaint fails to state any constitutional violation against him and that he is entitled to qualified immunity. (*See* Memorandum of Law in Support of Favo's Motion to Dismiss, or in the Alternative, for Summary Judgment, dated January 29, 2007 [Dkt. # 67] at 6-20; Reply Memorandum of Law in Support of Favo's Motion to Dismiss, or in the Alternative, for Summary Judgment, dated July 30, 2007 [Dkt. # 85] at 2-6.)

Recent precedent in the Supreme Court and in this Circuit underscore Favo's entitlement to dismissal of the *Bivens* claims asserted against him in the Amended Complaint.  After Favo served his motion to dismiss, the Supreme Court decided *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965-1969 (2007), which abandoned the *Conley v. Gibson* pleading standard in effect at the time Favo made his motion.  *See Twombly*, 127 S. Ct at 1968-89 (rejecting the test set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) "'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'" and ruling that *Conley* "'no set of facts' language … has earned its retirement" and "is best forgotten".)  Subsequently, the Second Circuit has confirmed that, in light of the Supreme Court's decision in *Twombly*, "[t]o survive dismissal, the plaintiff must provide the grounds upon which [her] claim rests through <u>factual allegations sufficient 'to raise a right to relief above the speculative level</u>.'"  *ATSI Communications, Inc. v. Wolfson*, 493 F.3d 87, 98 (2d Cir. 2007) (emphasis added) (citing *Twombly*, 127 S.Ct. at 1965); *see also Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007) (the "plausibility standard" resulting from *Twombly* "obliges a pleader to amplify a claim with some

factual allegations in those contexts where such amplification is needed to render the claim plausible.")

In the last several months, courts in the Second Circuit, including the Eastern District of New York, have not only adopted this standard, but also granted motions to dismiss based upon it. *See, e.g., Mohammad v. VA Rooming House*, No. 07CV3796, 2008 U.S. Dist. LEXIS 11734, *5-15 (E.D.N.Y. Feb. 15, 2008) (citing *Twombly* and *Iqbal* and granting defendants' motions to dismiss); *Miles v. Baruch College*, No. CV071214, 2008 U.S. Dist. LEXIS 5534, *18-29 (E.D.N.Y. Jan. 25, 2008) (dismissing claims, including a Section 1981 claim, based on conclusory allegations, using the *Twombly* standard); *see also Alster v. Goord*, No. 05 Civ. 10883, 2008 U.S. Dist. LEXIS 13827, *5-12 (S.D.N.Y. Feb. 26, 2008) (dismissing a Section 1983 claim because plaintiff's conclusory allegations were not sufficient to state a claim under *Twombly*); *Hopper v. Banana Republic*, LLC, No. 07 Civ. 8526, 2008 U.S. Dist. LEXIS 13503, *2-6 (S.D.N.Y. Feb. 25, 2008) (dismissing negligent hiring claim based on "speculative and implausible facts" under *Twombly*).

For the reasons discussed in Favo's moving and reply papers in support of his motion to dismiss, Plaintiff relies upon speculative, implausible and conclusory allegations against Favo. Plaintiff thus has failed to support her claims with "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Communications, Inc.*, 493 F.3d at 98 (citing *Twombly*, 127 S.Ct. at 1965). Thus, recent controlling precedent requires the dismissal of all claims against Favo.

## CONCLUSION

For the reasons set forth above and in Favo's prior papers in support of his motion to dismiss or in the alternative for summary judgment, Favo's motion to dismiss or, in the alternative, for summary judgment should be granted.

March 14, 2008					Respectfully submitted,

						DEFENDANT,
						CHRISTOPHER FAVO


						By   /s/  Michael G. Considine
						    Michael G. Considine
						    Helen Harris
						    Rosemary Q. Barry
						    Day Pitney LLP
						    One Canterbury Green
						    Stamford, CT  06901
						    203-977-7300 – Telephone
						    203-977-7301 – Facsimile
						    Email:  mgconsidine@daypitney.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2008, a copy of the foregoing Supplemental Memorandum of Law in Support of Defendant Christopher Favo's Motion to Dismiss or, in the Alternative, for Summary Judgment was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Douglas E. Grover, Esq.  
Thompson Hine LLP  
335 Madison Avenue  
12th Floor  
New York, NY  10017  
douglas.grover@thompsonhine.com

Gail A. Matthews, Esq.  
United States Attorneys Office  
One Pierrepont Plaza  
14th Floor  
Brooklyn, NY 11201  
Gail.Matthews@usdoj.gov

Joseph Bernard Koczko, Esq.  
Thompson Hine LLP  
One Chase Manhattan Plaza  
58th Floor  
New York, NY  10005  
joseph.koczko@thompsonhine.com

David I. Schoen, Esq.  
David I. Schoen, Attorney at Law  
2800 Zelda Road  
Suite 100-6  
Montgomery, AL 36106  
dschoen593@aol.com

                                                /s/  Michael G. Considine  
                                                   Michael G. Considine