UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARIA GRANCIO, individually, and in her capacity as Executrix and Personal Representative of the Estate of Nicholas P. Grancio, | ) ) ) ) | |
| | ) | **HEARING REQUESTED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  06-CV-0069 (FB)(CPP) |
| | ) | |
| R. LINDLEY DeVECCHIO; CHRISTOPHER FAVO; UNITED STATES OF AMERICA. | ) ) ) | |
| | ) | ECF Case |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RULE 56(f) MOTION

### Introduction

Plaintiff, MARIA GRANCIO, by and through the undersigned counsel, seeks relief in the above-captioned cause pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Specifically, she asks the Court to hold the Defendants' motions to dismiss or for summary judgment in abeyance, while allowing the parties to conduct discovery, as more specifically described in the accompanying affirmation of counsel ("Schoen Affirmation").

In Rule 56(f) terms, she seeks a continuance with respect to the summary judgment motion in order fully to conduct discovery with respect to the issues of material fact involved in this case.  This relief is absolutely necessary and appropriate under Rule 56(f) for the reasons described herein and in the accompanying Affirmation.

Mrs. Grancio incorporates herein by reference the pleadings she already has filed in this case, including her First Amended Complaint, and the pleadings in opposition to the motions to dismiss or for summary judgment and all exhibits associated therewith.

Rule 56(f) provides:

"(f) When Affidavits Unavailable.  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

"The purpose of subdivision (f) is to provide an additional safeguard against an improvident or premature grant of summary judgment..." and it should be applied with a "spirit of liberality."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2740.

The instant case, at this juncture, and for the reasons set out in the Schoen Affirmation in opposition to the motions for summary judgment and the Schoen Affirmation in support of this Rule 56(f) motion, both of which are incorporated by reference in this Memorandum, is the exact sort of case in which Rule 56(f) is intended to act as such a safeguard, notwithstanding the competing interests in adjudicating such issues as qualified immunity at an early stage.  In a fact-intensive case like this, in which almost all of the relevant information is exclusively within the defendants' control, and already has been concealed to a large degree, motions for summary judgment must be denied until a full opportunity for discovery has been provided.

The jurisprudence under Rule 56(f) makes it clear that all that is required is for the non-moving party to "reasonably advise" the court that it needs discovery to be able to present facts needed to defend the motion" and, in such event, "the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion." *Seneca Beverage Corporation v. Healthnow New York, Inc.*, 200 Fed. Appx. 25, 26-27 (2d Cir. 2006), *quoting from*, *Commercial Cleaning Servs, L.L.C. v. Colin Serv. Sys., Inc.*, 271 F. 3d 374, 386 (2d Cir. 2003).  *Hellstrom v. United States Dep't of Veteran Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)(Summary judgment in favor of defendant reversed; summary judgment should rarely be granted against plaintiff who has not had opportunity for discovery); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F. 2d 438, 445 (2d Cir. 1980)(summary judgment reversed in case involving constitutional issues where plaintiff was precluded by lack of discovery to potentially favorable information prior to summary judgment); *Mauney v. Imperial Delivery Services*, 865 F.

Supp. 142, 148 (S.D.N.Y. 1994)(summary judgment was inappropriate where the bulk of discovery had not yet been undertaken).

After earlier noting the four-part test for a Rule 56(f) affidavit, "In order to justify discovery under Rule 56(f), the Court in *Seneca* wrote the following: "In order to justify discovery under Rule 56(f), all that is required is for [the requesting party who opposes summary judgment] to point to potential facts that might raise an issue of material fact, that it has been unable to obtain without discovery." *Id*. at 28.

Rule 56(f) must be "liberally construed" and a district court has a duty to make sure that a party opposing summary judgment has had a "reasonable opportunity to compile an evidentiary record" through discovery before the court rules on summary judgment. *Elliott Associates, L.P. v. Republic of Peru*, 961 F. Supp. 83, 86 (S.D.N.Y. 1997)(further discovery called for before summary judgment)[1]; *See also*, *Gonzalez v. K-Mart Corp.*, 940 F. Supp. 429, 431 (D.P.R. 1996)(Unless party has been dilatory in discovery, court generally should grant Rule 56(f) requests); *In re Deep Vein Thrombosis*, 356 F. Supp. 2d 1055, 1060 (N.D. Ca. 2005)(56(f) motion should be granted when summary judgment motion is filed before any realistic opportunity for discovery); *Black v. NFL Players Ass'n*, 87 F. Supp. 2d 1, 4 (D.D.C. 2000).

Among other things, Rule 56(f) provides for a continuance as the appropriate remedy under such situations as the one presented here, where summary judgment has been sought at the very outset of the case and before any chance whatsoever for any kind of discovery.  *See* Rule 56(f)(2).  This is not a case in which the Court must or should consider "due diligence" in pursuing discovery a factor, in that no discovery of any kind has been permitted; the discovery process never began.  The accompanying affidavit and the Affirmation in support of the opposition to summary judgment already filed reflect the efforts made to obtain as much evidence as possible without the benefit of any discovery tools and those efforts have surpassed

---

[1]  In *Elliott*, strikingly, the Court found that discovery had to be permitted before summary judgment could be considered, based on a rather simple listing of the discovery (document production and depositions) to be sought and notwithstanding the fact that the defense the party sought to develop through the discovery had never been upheld and was not supported by any authority).  *Elliott*, 961 F. Supp. at 86-87, 88.

any reasonable due diligence requirement the law could impose.

As the Court of Appeals for the Second Circuit repeatedly and consistently has written, "[O]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Seneca Beverage Corporation*, 200 Fed. Appx. at 27, *quoting from*, *Trammell v. Keane*, 338 F.3d 155, 161 n.2 (2d Cir. 2003); *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)(Accord).

While the instant case may present rather extraordinary facts, it certainly is not that "rarest of cases" for Rule 56 purposes. Quite to the contrary, this is the quintessential case in which discovery and the ability to compel witnesses to come forward and give relevant testimony (notwithstanding their fear of personal consequences for doing the same) absolutely is necessary before the Court can even begin to consider a motion for summary judgment.

There is a split of authority among the Circuits as to whether a separate motion under Rule 56(f) is required or whether it is sufficient simply to raise the issue in papers responding to a motion for summary judgment. *See e.g. Theotokatos v. Sara Lee Personal Prods.*, 971 F. Supp. 332, 344 (N.D. Ill. 1997)(no separate motion necessary); *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 978 (E.D. Va. 1997)(accord). Indeed, some courts have considered a Rule 56(f) issue sufficiently raised even without an affidavit in support of it, where reference to the need for discovery is otherwise raised in the motion papers to fulfill the purpose of the Rule. *See e.g. Harrods, Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002); *Novecon, Ltd. v. Bulgarian-American Enterprise Fund*, 977 F. Supp. 52, 54 (D.D.C. 1997).

It is crystal clear in this Circuit, however, that whether one proceeds under Rule 56(f) by separate motion of in connection with the substantive motion papers, an affidavit[2] in support of the request for relief is absolutely required. *Di Benedetto v. Pan Am World Serv., Inc.*, 359 F. 3d 627, 630 (2d Cir. 2004); *Gurary v. Winehouse*, 190 F. 3d 37, 43-44 (2d Cir. 1999); 960 F. Supp. 793, 805 (S.D.N.Y. 1997); *Pauling v. Secretary of Dep't of Interior*, 960 F. Supp. 793, 805

---

[2] For personal reasons I use an Affirmation rather than an Affidavit; but the two are, of course, treated exactly the same for these purposes.

(S.D.N.Y. 1997).[3]

There is some variation among the Circuits as to the requisite showing for a Rule 56(f) showing; but this Circuit has, with some slight modification, generally articulated a four part framework for what a movant must show in his/her affidavit.  They are the following:  (1) the facts sought and how they would be obtained through discovery and compulsory process; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) the efforts that have been made to obtain the facts/witnesses; and (4) why such efforts were unsuccessful and only can succeed with the ability to take full or even limited directed discovery and to compel witnesses to provide testimony.  *See Seneca Beverage Corporation*, 200 Fed. Appx. at 27; *Gulandi v. Adams*, 385 F.3d 236, 244-245 (2d Cir. 2004)(setting out 4 elements of the showing to be made under Rule 56(f)); *Gurary v. Winehouse*, 190 F. 3d 37, 43-44 (2d Cir. 1999); 960 F. Supp. 793, 805 (S.D.N.Y. 1997); *Pauling v. Secretary of Dep't of Interior*, 960 F. Supp. 793, 805 (S.D.N.Y. 1997)..

The undersigned's affirmation which accompanies this Memorandum of Law, clearly satisfies each element of the four part test and demonstrates with specificity and without question that discovery must be pursued in this case before summary judgment can be considered.

Familiarity with the general nature of this case and with the facts underlying the case, to the extent they have been set out in the First Amended Complaint, is assumed and will not be repeated at length here.

Procedurally, when considering this motion and the relevant factors that apply to such a motion, as will be described below, it is important to recognize that the summary judgment motions were filed in this case as the first event after service of the Complaint (and Amended

---

[3]  In an abundance of caution, Mrs. Grancio has provided timely notice at every appropriate juncture.  She asserted the issue in the Affirmation of counsel served on opposing counsel on May 18, 2007 in response to the motions for summary judgment and filed with her opposition to the motions for summary judgment.  Prior to the filing of the motion papers, she advised the Court of the issue by way of a pre-motion letter (July 29, 2007), pursuant to this Section 2. A. of this Court's Individual Practices, and now, as directed by the Court, based on the request for leave to file such a motion, she has further asserted the issue by affirmation in the context of this separate motion.  Her actions satisfy the standards in all Circuits for exercising "due diligence" in seeking Rule 56(f) relief.

Complaint).  There has been no Answer filed by and Defendant and there has been no discovery of any sort whatsoever permitted.  Indeed, there has never been an initial conference or scheduling conference/scheduling order issued or any other event which even could have triggered discovery.  The filing of these motions for summary judgment essentially stopped all action in the case, with the initial conference to occur after the disposition of the motions..

Most of the following appears in Mrs. Grancio's Memorandum of Law in support of her opposition to the motions for summary judgment.  It is directly relevant to the Rule 56(f) inquiry and bears repeating here.  The similar cases from Boston provide excellent lessons for us here, both with respect to how important facts developed at a related criminal trial can be and more generally how critically important it is to permit discovery in such a case before considering summary judgment.

The Defendants' motions are premature on this record with no opportunity for any discovery yet.  Because of the nature of the claims and the fact that the relevant operative facts and underlying documents critical to so many issues in this case are exclusively within control of the Defendants and/or are within the control of others and because we need the ability to compel the production of such documents and to compel relevant testimony from the Defendants and others in order to fully develop all relevant facts, the Defendants' motions should be denied, with, perhaps, leave to renew them after a full opportunity to develop the record.  *Limone v. United States*, 271 F. Supp. 2d 345, 348-349 (D. Mass. 2003)("At this early point in the litigation, prior to discovery and presentation of proof, the plaintiffs' allegations are presumed to be true.  The case can be dismissed only if the claims are in some way legally deficient."); *affirmed*, 372 F.3d 39 (1st Cir. 2004); *Davis v. United States*, 340 F. Supp. 2d 79, 93 (D. Mass. 2004)(too early in the litigation to parse claims and determine Defendants' conduct vis a vis duty to control informants); *McIntyre v. United States*, 336 F. Supp. 2d 87, 100, n.8 (D. Mass. 2004)(Factual controversies often make deciding issues of qualified immunity impossible at the early stage of a case); *See also Talbert v. Smith*, 2006 U.S. Dist. LEXIS 44366 (W.D. VA June 29, 2006); *Demarco v. Sadiker*, 199 U.S. App. LEXIS 29677 (2d Cir. November 8, 1999);

*Castro v. United States*, 34 F.3d 106 (2d Cir. 1994); *DeMartino v. Zenk*, 2006 U.S. Dist. LEXIS 33454 (EDNY May 25, 2006); ; *Kirk v. Metropolitan Transit Auth.*, 2001 U.S. Dist. LEXIS 2786, *49-*54 (SDNY March 19, 2001)(granting leave to amend complaint based on facts learned in discovery related to original claims);F.R.C.P. 56(f).

      Examples that illustrate why it is inappropriate to consider summary judgment or a qualified immunity defense without discovery in this case abound.  The matter is highlighted perhaps most clearly with respect to the allegations against Defendant Favo.  The First Amended Complaint charges that Favo had a direct role in Mr. Grancio's murder on a couple of theories and, of course, for purposes of these motions, all facts alleged in the Complaint must be taken in the light most favorable to Mrs. Grancio and she is entitled as a matter of law to have all reasonable inferences drawn in her favor.

      First, when Scarpa called Devecchio and told him that he needed the surveillance pulled off of Grancio so that he could kill him without having law enforcement officers present, it is alleged that Devecchio directed Favo to call the surveillance team and remove them. [FAC ¶22]  On these allegations, Favo is a direct participant in Scarpa/Devecchio's plan and furthers the murderous scheme.  Favo has filed an affidavit denying that Devecchio told him to remove the surveillance (he says he called in the surveillance team for a meeting on his own) and that he did not know Grancio was a target, etc.  Now, on the one hand, at this stage, the Court must take as true the allegation that Scarpa called Devecchio for this purpose, that Devecchio knew this and that Devecchio directed Favo as alleged and that Favo knew what that Grancio was a target.  However, Favo's affidavit deals with these issues and he presents his version as an undisputed material fact.  Mrs. Grancio must be permitted discovery on such threshold issues about what Favo knew or suspected about Scarpa and his involvement with murders at the time and before, about Scarpa's relationship with Devecchio before and at the time (we know from Favo's own reports that at times he provided Devecchio with information on Scarpa's loan shark victims,

Scarpa's enemies, etc.) [Exhibits 1, 2, 3], and about Grancio.[4]  We can only learn these things through basic discovery of documents exclusively within Defendants' control and testimony.

Similarly, on a second theory, it is alleged that Favo is responsible for Grancio's death because he knew Scarpa's propensities as a killer, he knew about and fostered actively and passively (and despite knowing he had a legal obligation to do otherwise) Scarpa's license to commit violent crimes with impunity from his relationship with the FBI, and because he knew Grancio was an imminent target of Scarpa and his "faction." [e.g., FAC ¶¶21,22]  Again, for this allegation we must have an opportunity for discovery.  Mrs. Grancio should not have to meet Mr. Favo's bare assertion of facts in his allegation with no opportunity for discovery.  At a minimum, she is entitled to discovery to give rise to an inference, say, arising from Favo's pattern of conduct vis a vis Devecchio and Scarpa earlier.  Through discovery, she may well show how Favo's constitutional duties in this situation, based on his knowledge of and relationship with (as Case Agent) with Scarpa and Grancio, were clearly established under *DeShaney* well before *Dwares* (i.e. more direct and active action/inaction with different level of knowledge).

While it is true that Defendant Favo was one of the agents who eventually turned in Devecchio, so to speak, **eventually** is the operative word (and his motivation - perhaps only done because he knew Carmine Sessa would expose it - is in question).  The things he did and did not do, despite knowing he had a duty to do or not do them, for a very long time after he indisputably knew Scarpa was a CI in his Group's control who was actually murdering people with help from information he was getting from the FBI and was carrying on his criminal enterprise (of which Devecchio perhaps already had become a *de facto* member) - make it absolutely astonishing that he has been allowed to remain an FBI agent - and these are just the undisputed facts.  We have a

---

[4]  On this last point we do have in the record an affidavit from one of the surveillance officers, Detective Simone who Favo called, and Simone told him that he must not be taken off of surveillance and that Grancio was a target. [Exhibit 25]  We also have the testimony from Detective Higgins, a member of Favo's team, who clearly knew Grancio was an imminent target and had tried to warn Grancio of the same the previous day [Exhibit 20] (and we know from Favo that, as Case Agent, he (Favo) got all reports from all members of the Group every day, Exhibits 1, 2, 3).

lot more to find out about this, especially in light of the revelation just last year about 4 more murders attributed to Devecchio.  It is undisputed that Favo did some outrageous things with respect to the same for a significant period of time after Mr. Grancio's murder, including the things already mentioned, lying about whether probable cause for Scarpa's arrest existed (and thereby allowing him to remain free long after he indisputably knew Scarpa was killing a lot of people), falsifying documents and lying to draw attention away from Scarpa and in doing so knowingly endangering others by implying they were informants instead.

This certainly gives rise to the right to a need/duty to make full and thorough inquiry through discovery of what Favo knew, did, and did not do before Mr. Grancio's murder.  Mrs. Grancio's ability to respond to a motion to dismiss or for summary judgment on complicated facts, reflected in often detailed and revealing documents within the Defendants' exclusive control, simply based on the few scraps of documents and bits of information her lawyer can obtain through an investigation without subpoena power or other means of compulsion.

The Defendants, however, would have this Court decide these fact intensive issues without access to the facts and this is not fair nor permitted under this Circuit's jurisprudence. *Limone*, *Supra*.; *Davis*, *Supra*.

Rule 56(f) of the Federal Rules of Civil Procedure provides protection for the non-moving party in just such a situation, expressly to avoid the unfair result of having summary judgment adjudicated at the outset of a case without the opportunity for discovery, especially in a fact intensive case like this.

Pursuant to Rule 56(f), the undersigned has provided an explanation in his accompanying Affirmation of the kinds of discovery he needs to take at a minimum and an explanation is provided based on the four part test under rule 56(f) for each kind of discovery sought.  Mrs. Grancio has more than met her burden under Rule 56(f) and a continuance must be granted to allow her to engage in the discovery process in this case before summary judgment can be considered.

"The purpose of subdivision (f) is to provide an additional safeguard against an

9

improvident or premature grant of summary judgment..." and it should be applied with a "spirit of liberality."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §2740.  The instant case, at this juncture, and for the reasons set out in the Schoen Affirmation incorporated in this Memorandum, is the exact sort of case in which Rule 56(f) is intended to act as such a safeguard, notwithstanding the competing interests in adjudicating such issues as qualified immunity at an early stage.  In a fact-intensive case like this, in which almost all of the relevant information is exclusively within the defendants control, and already has been concealed to a large degree, motions for summary judgment must be denied until a full opportunity for discovery has been provided.

Respectfully Submitted,

_____

s/David I. Schoen DS0860

David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611; Fax: 917-591-7586
E-Mail: DSchoen593@aol.com

COUNSEL FOR PLAINTIFF

February 13, 2008

10

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK


MARIA GRANCIO, individually, and
in her capacity as Executrix and Personal
Representative of the Estate of Nicholas P.
Grancio,

       Plaintiff,

v.                             CIVIL ACTION NO.  06-CV-0069 (FB)(CPP)

R. LINDLEY DeVECCHIO;
CHRISTOPHER FAVO;
UNITED STATES OF AMERICA.
                                 ECF Case

       Defendants.


## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2008, I served a copy of the foregoing Memorandum of Law, Schoen Affirmation and Notice of Motion all in support of the Plaintiff's Rule 56(f) motion on counsel for all Defendants by email, properly addressed to their respective email addresses as set forth on the docket sheet in this case.


s/David I. Schoen DS0860

David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611; Fax: 917-591-7586
E-Mail: DSchoen593@aol.com

COUNSEL FOR PLAINTIFF

11