UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
MARIA GRANCIO, individually and in her capacity
as Executrix and Personal Representative of the Estate
of Nicholas P. Grancio,

                    Plaintiff,                    Case No. 06 CV 00069 (FB)(CLP)

        - against -

R. LINDLEY DEVECCHIO,
CHRISTOPHER FAVO,
UNITED STATES OF AMERICA,

                    Defendants.
--------------------------------------------------------------X


# DEFENDANT R. LINDLEY DEVECCHIO'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S RULE 56(f) MOTION

THOMPSON HINE LLP
*Attorneys for Defendant R. Lindley DeVecchio*
335 Madison Avenue, 12th Floor
New York, New York 10017
(212) 344-5680




Douglas E. Grover (DG 6037)
Sunny H. Kim (SK 8746)

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ..................................................................................................... 2

I.      The Schoen Rule 56(f) Affirmation is made on baseless allegations, inferences and
        conclusory statements and fails to comply with Rule 56(e). ............................................. 3

II.     Plaintiff Fails to Support Her Claims With Any Facts; The Uncontroverted Evidence
        Shows That No Genuine Issue of Material Fact Exists. .................................................... 4

III.    Plaintiff's Motion Is A Fishing Expedition For Claims That Do Not Exist; Summary
        Judgment Should Be Granted ........................................................................................ 6

        A.      Plaintiff seeks discovery of subjects immaterial to the issues raised by
                defendant's motion and on the basis of speculative inferences............................... 6

        B.      The recent sworn testimony of Larry Mazza and plaintiff's counsel's
                sudden silence on the alleged "Mazza Declaration" demonstrates further
                that plaintiff's Rule 56(f) motion is nothing more than a fishing expedition
                for claims. ........................................................................................................ 8

        C.      A bare assertion of inaccessibility to evidence does not justify Rule 56(f)
                discovery. ....................................................................................................... 11

CONCLUSION.................................................................................................... 12

## PRELIMINARY STATEMENT

Defendant R. Lindley DeVecchio ("DeVecchio") submits this memorandum of law in opposition to plaintiff's Maria Grancio's ("Grancio") motion pursuant to FED. R. CIV. P. 56(f) to stay defendants' motions to dismiss[1] or for summary judgment.

As this Court will recall, Grancio's claim is based on the hypothesis that her husband was murdered on January 7, 1992, by Gregory Scarpa, Sr. ("Scarpa"), Larry Mazza ("Mazza"), and James DelMasto shortly after Scarpa telephoned defendant DeVecchio and ordered him to remove a government surveillance team.   Defendants have moved for summary judgment, arguing that previously sworn testimony from Larry Mazza, the witness upon whom Grancio has based her entire complaint, has previously testified unequivocally that the three murderers were unaware of any government surveillance at the time, and that no such telephone call was ever made.   Counsel for Grancio knew as much when the complaint was filed.   Moreover, other independent evidence established that Grancio was in fact murdered hours after the termination of a mid-day surveillance, whose team members had returned to the office for a meeting.   *See* Memorandum of Law in Support of Defendant DeVecchio's Motion to Dismiss and for Summary Judgment or, in the Alternative, to Stay the Action ("DeVecchio Mem."), Dkt. # 71, at pp. 6-7, 19-25; *see also* Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, Dkt. # 75, ¶¶ 1-12 ("DeVecchio Rule 56.1 Statement"); Affidavit of R. Lindley DeVecchio, sworn to on January 29, 2007 ("DeVecchio Affidavit"), Dkt. # 70, ¶¶ 3-4; Reply Memorandum of Law in Support of Defendant R. Lindley DeVecchio's Motion to Dismiss and for Summary Judgment or, in the Alternative, to Stay the Action ("DeVecchio Reply"), Dkt. # 83; *see also* Defendant R.

---

[1] Plaintiff erroneously moves to stay defendant's motion to dismiss.  Plaintiff's request should be disregarded as any application under FED. R. CIV. P. 56(f) is limited to motions under Rule 56.

Lindley DeVecchio's Reply Statement of Facts Pursuant to Local Civil Rule 56.1 ("DeVecchio Reply Rule 56.1 Statement"), Dkt. # 84.

Obviously anticipating the impending doom of this specious complaint, as well as defendants' indication that they will seek sanctions for plaintiff's conduct in filing this wholly frivolous complaint,[2] plaintiff now speculates about the need for discovery of "facts" that are irrelevant and immaterial to the pending motion. In the end, this is a fishing expedition for claims that do not exist. The motion should therefore be denied, and the Court should grant summary judgment.

## BACKGROUND

Defendants each served dispositive motions to dismiss the complaint. Defendant DeVecchio moved for summary judgment on two grounds: (1) that the only available and admissible evidence relevant to plaintiff's claim unequivocally demonstrates that the only existent facts completely refute the basic assumptions underlying the complaint; and (2) that the complaint is time-barred by the applicable statute of limitations. *See, e.g.*, DeVecchio Mem. at pp. 19-29.

In support of his motion for summary judgment, defendant DeVecchio submitted affidavits based on personal knowledge of the events, documents in the public domain or judicial record, and transcripts of sworn testimony. *See, e.g.,* DeVecchio Rule 56.1 Statement; *see also* DeVecchio Affidavit. The evidence presented not only contradicted plaintiff's claims, but also established that there is no genuine issue of material fact. In particular, defendant's submissions demonstrate that: 1) the January 7, 1992 killing of Nicholas "Nicky Black" Grancio ("Grancio") occurred <u>hours, not minutes</u>, after a government surveillance of Grancio terminated; 2) that neither Scarpa nor the only available eyewitness, Mazza, observed the presence of any police

surveillance in the area prior to the shooting; and 3) that Scarpa never called DeVecchio - or anyone - to remove such a surveillance. *See, e.g.,* DeVecchio Mem. at pp. 6-7, 20-25; *see also* DeVecchio Rule 56.1 Statement ¶¶ 1-12; DeVecchio Affidavit ¶¶ 3-4. In further support of this, DeVecchio's own affidavit states that he never received such a call or spoke to co-defendant Christopher Favo ("Favo"), and Favo's affidavit further confirmed that he never received such a request from DeVecchio. DeVecchio Affidavit ¶¶ 3-4; Affidavit of Christopher Favo, sworn to January 17, 2007 ("Favo Affidavit"), Dkt. # 68, ¶ 17.

In response, despite her obligation to do so under FED. R. CIV. P. 56(e), plaintiff made no effort to controvert any of the assertions set forth by defendant. Indeed, she could not. *See* DeVecchio Reply; *see also* DeVecchio Reply Rule 56.1 Statement. Plaintiff's Rule 56.1 Statement purportedly is supported by affidavits, but inspection of those documents reveals that they are riddled with inadmissible hearsay, as well as documents that are neither relevant nor supportive of the allegations in the complaint. *See* Plaintiff Grancio's Consolidated Local Rule 56.1 Statement ("Grancio Rule 56.1 Statement"), Dkt. # 81; *see also* DeVecchio Reply at pp. 4-8; DeVecchio Reply Rule 56.1 Statement. Now, plaintiff presents yet another rambling hodge–podge of hypotheses and conspiracy theories in a futile attempt to postpone dismissal of her action. As discussed further below, *infra*, her Rule 56(f) motion fails to create a justiciable dispute and thus should be denied and summary judgment granted.

I.            **The Schoen Rule 56(f) Affirmation is made on baseless allegations, inferences and conclusory statements and fails to comply with Rule 56(e).**

The Affirmation of David I. Schoen in Support of Rule 56(f) Motion[3] ("Schoen 56(f) Affirmation" or "Schoen 56(f) Aff.") fails to comply with the Federal Rules of Civil Procedure.

---

[2] *See, e.g.,* DeVecchio Mem. at p. 2 n. 3.

Rule 56(e) of the Federal Rules of Civil Procedure requires that any affidavit opposing summary judgment must be made on personal knowledge.  10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2738 (3d ed. 2007).  Further, plaintiff must present admissible evidence and cannot rest upon mere allegations, denials, conclusory statements, or unsubstantiated speculation to establish the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  In addition, under Rule 56(f), the affidavit must specify what discovery of "facts essential to justify the party's opposition" is needed, and it must explain: (1) the nature of the uncompleted discovery; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; (4) and why those efforts were unsuccessful.  *Perez v. City of New York*, Case No. 97-CV-2915, 2002 U.S. Dist. LEXIS 4297, at *6 (E.D.N.Y. Mar. 14, 2002) (Block, J.).

The Schoen 56(f) Affirmation does none of the above.  Rather, the Schoen 56(f) Affirmation reflects a stream of consciousness - a monologue incorporating plaintiff's conjectures and theories about DeVecchio's alleged involvement in the death of Grancio. Lacking any personal knowledge, it should be disregarded by the Court.  And, because no affidavit has been filed in accordance with Rule 56(f), the motion for discovery should be denied.

**II.      Plaintiff Fails to Support Her Claims With Any Facts; The Uncontroverted Evidence Shows That No Genuine Issue of Material Fact Exists.**

Even if Grancio complied with Rule 56(f), the motion is still another ludicrous effort to avoid inevitable dismissal. Plaintiff's claims not only lack factual foundation, they are <u>contradicted</u> by evidence that counsel for plaintiff has been fully aware of and had access to

---

[3] Although it appears that plaintiff's counsel intended to submit a sworn statement under 28 U.S.C.A. § 1746, he submitted an "affirmation."  For the purposes of this motion and ease of reference, defendant will refer to this document as titled by plaintiff's counsel.

since the inception of the action.  Tellingly, this evidence has also recently been affirmed by the sworn testimony of Larry Mazza in the dismissed Kings County criminal trial of defendant DeVecchio, *People of the State of New York v. R. Lindley DeVecchio*, Index No. 6825/05, discussed *infra*; *see also* Letter of M. Considine to Judge Block, dated December 7, 2007, Dkt. # 97; Declaration of Douglas E. Grover ("Grover Decl."), dated March 14, 2008, ¶ 6, Exhibit A.

Plaintiff nevertheless opposes the motion for summary judgment on the theory that she needs discovery.  In light of the overwhelming and undisputed evidence contradicting her claims, this request is misguided:

> [I]t is clear that a plaintiff cannot defeat a motion for summary judgment by merely restating the conclusory allegations contained in his complaint, and amplifying them only with speculation about what discovery might uncover. . . .  Something more than a fanciful allegation is required to justify denying a motion for summary judgment when the moving party has met its burden of demonstrating the absence of any genuine issue of material fact.

*Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981).

The question here is not whether discovery should occur, but rather, whether the factual issues raised on the motion present a genuine issue of material fact.  For example, in *Contemporary Mission*, affirming the lower court's grant of summary judgment prior to discovery, the Second Circuit found that the complaint contained vague, conclusory allegations without "a scintilla of evidence that would tend to prove its allegation." *Id.* at 105.  In addition, as is the case here, the defendants in *Contemporary Mission* had submitted two affidavits that "soundly negate[d]" and "amply refute[d]" plaintiff's claim. *Id.*

As previously indicated, defendant here has presented the Court with affidavits based on personal knowledge of the events, documents in the public domain or judicial record, and transcripts of sworn testimony – all of which contradict the unsupported allegations of plaintiff.

- 5 -

The evidence more than "amply refutes" plaintiff's alleged nexus between DeVecchio and the killing of Grancio – it slams the door and nails it shut.  No amount of discovery could overcome these undisputed facts.

**III.**  **Plaintiff's Motion Is A Fishing Expedition For Claims That Do Not Exist; Summary Judgment Should Be Granted.**

**A.**  **Plaintiff seeks discovery of subjects immaterial to the issues raised by defendant's motion and on the basis of speculative inferences.**

In opposing summary judgment, requests for discovery under Rule 56(f) must be material to the issues raised by defendant's motion.  *See, e.g.*, *Powers v. McGuigan*, 769 F.2d 72, 76 (2d Cir. 1985) ("[W]here the discovery sought would not meet the issue that the moving party contends contains no genuine issue of fact, it is not an abuse of discretion to decide the motion for summary judgment without granting discovery."); *see also Jones v. Long Island R.R. Co.*, No. 96-CV-0433, 1998 U.S. Dist. LEXIS 6298, at *18-19 (E.D.N.Y. May 1, 1998) (Block, J.) (Rule 56(f) motion denied where the issue was not whether plaintiff was a victim of employment discrimination but whether any evidence existed showing that his discrimination claims were not barred by the applicable statute of limitations.).

Further, requests for discovery cannot be based on speculation.  A court should deny requests "'as to what potentially could be discovered' . . . [as] a mere fishing expedition." *Seneca Beverage Corp. v. HealthNow New York, Inc.*, 200 Fed. Appx. 25, 27 (2d Cir. 2006) (denying request where plaintiff alleged no facts to show that it was entitled to relief under ERISA); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) (discovery must be "'germane to the defense, and that it is neither cumulative nor speculative.'") (citation omitted); *see also Powers*, 769 F.2d at 76 (Plaintiff's affidavits were speculative and conclusory and the evidence plaintiff offered had no bearing on the causal link of the alleged injury.); *Batori v. Am. Permalight, Inc.*, 03 Civ. 8960, 2004 U.S. Dist. LEXIS 23233, at *14-15 (S.D.N.Y. Nov. 16,

2004) ("A discovery request based on 'speculation as to what could potentially be discovered' is insufficient to defeat summary judgment.") (quoting *Paddington Partners*).

Here, plaintiff's counsel demands discovery "to be able to draw inferences about Devecchio's [*sic*] involvement and the likelihood, therefore of his involvement with the Grancio murder." Schoen Rule 56(f) Aff. at p. 11. He insists that discovery of "inferences" will yield evidence supporting plaintiff's claims. *See, e.g.*, Schoen Rule 56(f) Aff. at pp. 4, 9, 11. For example, he seeks discovery about events before and after Grancio's murder, deposition testimony from government agents and three former Assistant U.S. Attorneys, and information about a list of other murders committed by Scarpa, Sr., including the murder of "Fat Dom" Borghese.[4]   *See* Schoen 56(f) Aff. at p. 13.

Plaintiff's discovery requests for inferences are clearly immaterial to the issues set forth by defendant. Defendant has submitted admissible evidence demonstrating that no phone call was ever placed by Scarpa to DeVecchio on the day in question, and that Grancio was not killed as soon as the surveillance team left the location. *See, e.g.* DeVecchio 56.1 Statement ¶¶ 1, 4-6, 8, 10-11. This evidence includes sworn testimony of Larry Mazza in 2004 - and again in 2007 - that he, Scarpa and James DelMasto came upon Grancio unexpectedly, and that they were unaware of any police surveillance of him. *See* DeVecchio 56.1 Statement ¶¶ 1-2. From the moment they first discovered Grancio until the moment they killed Grancio, there was not sufficient time to make a phone call. *See* DeVecchio 56.1 Statement ¶ 4; *see also People v. DeVecchio* Trial Transcript, dated October 18, 2007 ("*DeVecchio* Trial Tr."), at pp. 864, 867, excerpts attached as Exhibit A to Letter of M. Considine to Judge Block, dated December 7,

---

[4] Plaintiff seeks discovery that is not just speculative, it is fictitious. There can be no discovery about the murder of "Fat Dom" Borghesi (properly "Borghese"), since Mr. Borghese is alive and in the witness protection program. Grover Decl. ¶ 8.

2007, Dkt. # 97; Grover Decl. ¶ 6, Ex. A. Plaintiff's requests for discovery of inferences delve well beyond these boundaries of Rule 56(f) discovery.

Moreover, not only is this discovery immaterial to the motion, it seeks evidence that is purely speculative. Such general conclusions about what possibly could be discovered without any factual foundation does not warrant denial of summary judgment. *See, e.g., Contemporary Mission*, 648 F.2d at 107 (citation omitted); *see also Marino v. P.O. Reina*, No. CV-04-1674, 2007 U.S. Dist. LEXIS 13250, at *16-17 (E.D.N.Y. Feb. 27, 2007) (Block, J.) ("'Rule 56(f) cannot be relied upon to defeat a summary judgment motion where the result of a continuance to obtain further information would be <u>wholly speculative</u>.'" (quoting *Contemporary Mission, Inc.*) (emphasis added)).

Rather than address these devastating and undisputed facts, plaintiff turns to Rule 56(f) to search for a claim. The scope of such discovery is clearly inappropriate under Rule 56(f) because the rule only allows discovery to assist in making a claim, not discovery to find a claim. "Such divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure." *Paddington Partners*, 34 F.3d at 1138; *see also Doe v. New York Blood Ctr.*, 39 Fed. Appx. 686, 688 (2d Cir. 2002) (affirming summary judgment, plaintiff was unable to demonstrate how discovery "would be reasonably expected to create a genuine issue of material fact under the theory of the case advanced in her pleadings"). Accordingly, the Rule 56(f) motion should be denied.

**B.     The recent sworn testimony of Larry Mazza and plaintiff's counsel's sudden silence on the alleged "Mazza Declaration" demonstrates further that plaintiff's Rule 56(f) motion is nothing more than a fishing expedition for claims.**

Nothing further exemplifies plaintiff's fishing expedition than her request to depose Larry Mazza. Schoen 56(f) Aff. at p. 14. Throughout the pages and pages of plaintiff's counsel's verbose writings in opposing summary judgment, he relies on as his only source to dispute

defendant's evidence an alleged declaration by Larry Mazza ("Mazza Declaration").  *See, e.g.*, Plaintiff's Consolidated Mem. in Response to Defs' Motion to Dismiss, For Summary Judgment or For a Stay, Dkt. # 79, at pp. 14, 31 (Mazza's "exact rendition of the facts . . . serve as the basis for this Complaint"); Affirmation of David I. Schoen, dated May 16, 2007, ¶¶ 6, 16.  Counsel for plaintiff has even stated that were it not for the Mazza Declaration, he would not have brought the action against defendants:  "I firmly believe the accounts Mazza gave to both Ms. Edwards and Dr. Dresch as they have reported them . . . .  <u>If I did not believe those things, I would not have agreed to bring this case.</u>"  E-mail from D. Schoen, dated June 11, 2007, at p. 4, attached to Letter from D. Schoen to J. Block, dated June 27, 2007, Dkt. # 58 (emphasis added).

This Mazza Declaration allegedly refuted the sworn testimony Mazza gave previously on the events of the Grancio murder before the Honorable Jack B. Weinstein on January 7, 2004, in *Orena, et al. v. United States of America*, United States District Court, Eastern District of New York, Case No. CV-96-1474.[5]  Unfortunately for Mr. Schoen, Mazza testified again, under oath, before the Honorable Gustin L. Reichbach, Justice of the Supreme Court, Kings County, on October 18, 2007, in *People v. DeVecchio*.  Mr. Schoen was present in the courtroom during the testimony.  *See* Grover Decl. ¶ 4.  Significantly, Mazza repeated his earlier statements – sinking Grancio's claims:

- Mazza, Scarpa and James DelMasto came upon Grancio unexpectedly. *DeVecchio* Trial Tr. at p. 710-712, 864, 867; Grover Decl. ¶ 6, Ex. A.

- Grancio's murder was unplanned.  When Grancio showed up, "[t]here wasn't much time to think." *DeVecchio* Trial Tr. at p. 864; Grover Decl. ¶ 6, Ex. A.

---

[5] Defendant submitted a copy of Mazza's *Orena* testimony in support of his motion.  *See* DeVecchio Rule. 56.1 Statement ¶¶ 1-5, citing Declaration of Douglas E. Grover, dated January 29, 2007, Exhibit K.

In essence, in 2007 Mazza reaffirmed that he was unaware of any facts that would support plaintiff's conclusion that DeVecchio – or anyone in the government – was involved in the events preceding Grancio's murder.[6]  Moreover, Mazza testified that he did not agree to testify in this action and that he did not provide any type of document to counsel.  *DeVecchio* Trial Tr. at pp. 914-915.

Despite Mazza's most recent sworn testimony denying the existence of the Mazza Declaration and affirming that no genuine issue of material fact exists to support plaintiff's claim, plaintiff's counsel still refuses to withdraw the complaint.  *See* E-mail from D. Schoen to M. Considine, *et al.*, dated November 16, 2007, Grover Decl. ¶ 7, Ex. B.  Counsel for the plaintiff, however, has notably stopped referring to the alleged Mazza Declaration.[7]  Instead, he now seeks to depose Mazza under Rule 56(f) based upon speculation that Mazza will recant all of his previously sworn testimony in 2004 and five months ago.  Counsel's disingenuous efforts should be cut off.  Plaintiff has failed to demonstrate the existence of any genuine issue of material fact, and as demonstrated by the specious Mazza Declaration, she cannot.  *See, e.g., Contemporary Mission*, 648 F.2d at 106-107 (a "desperate plea to allow discovery" does not excuse plaintiff's inability to substantiate its conclusory allegations); *see also Perez*, 2002 U.S. Dist. LEXIS 4297, at *6 (Block, J.) (Granted summary judgment.  Deposition of defendant officer accused of racial profiling was not necessary especially in light of the two police reports that already documented defendant's account of the events.).  Accordingly, summary judgment should be granted.

---

[6] For a detailed description of Mazza's testimony in the Kings County trial, defendant respectfully refers the Court to the Letter from M. Considine to J. Block, dated December 7, 2007, Dkt. # 97.

[7] Given the relevance of the purported contents of the alleged Mazza Declaration, defendants filed a motion to compel or, in the alternative, to strike the alleged Mazza Declaration, Letter from D. Grover to J. Block, dated June 25, 2007, Dkt. # 57.  Due to the summary judgment briefing schedule, the Court issued an order denying defendants' request, Electronic Order, dated July 2, 2007.  The Mazza Declaration, to date, has not been produced.

**C.**     **A bare assertion of inaccessibility to evidence does not justify Rule 56(f) discovery.**

Plaintiff's "bare assertion" that she cannot support her claims because the evidence is in the hands of the defendants fails to justify a denial of a motion for summary judgment under Rule 56(f). *Paddington Partners*, 34 F.3d at 1138. First, all the admissible evidence that is and has been available contradicts plaintiff's claims. Second, plaintiff seeks government files and other documents and information that are immaterial to the issues presented by the motion for summary judgment. Third, copies of materials, such as the trial transcript from *People v. DeVecchio*, show that no genuine issue of material fact exists. Counsel for plaintiff is aware of this.

Further, the material portions of the transcript were made available to plaintiff's counsel in this litigation. For the purposes of defending this litigation, co-defendant Favo previously provided all the parties here with excerpts of the transcript that were in the co-defendant's possession as of that date and for the convenience of the Court, defendant submits these excerpts in opposition to plaintiff's motion.[8] While the remaining portions of the trial transcript have not been provided, they are immaterial to summary judgment. Nothing in the transcript, disclosed or not, will change the fact that DeVecchio did not receive a telephone call from Scarpa immediately prior to Grancio's murder and that the termination of police surveillance did not cause Grancio's murder. He was killed almost two hours after surveillance had left. *See* DeVecchio R. 56.1 Statement ¶¶ 4-6, 9-12; *see also* DeVecchio Trial Tr. 710-712, 864, 867. Accordingly, plaintiff's motion should be denied.

---

[8] Defendant is unaware of any statute that prohibits the dissemination of transcripts already in the public domain, and Justice Reichbach has issued no order prohibiting such use.

## **CONCLUSION**

In support of his motion for summary judgment, defendant R. Lindley DeVecchio submits admissible evidence contradicting plaintiff's allegations and demonstrating that no genuine issue of material fact exists.  In opposition, plaintiff fails to dispute the facts set forth on summary judgment.  Instead, she pursues inferences and unsubstantiated speculative theories that do not justify discovery.  Defendant therefore respectfully requests that this Court deny plaintiff's motion and grant summary judgment pursuant to FED. R. CIV. P. 56.


Dated: New York, New York
          March 14, 2008

                                    THOMPSON HINE LLP
                                    Attorneys for Defendant R. Lindley DeVecchio

                                    By:  _____
                                         Douglas E. Grover (DG 6037)
                                         Sunny H. Kim (SK 8746)
                                         335 Madison Avenue, 12th Floor
                                         New York, New York 10017
                                         Tel.: (212) 344-5680

- 12 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of March 2008, true and correct copies of the Defendant R. Lindley DeVecchio's Memorandum of Law in Opposition to Plaintiff's Rule 56(f) Motion and Declaration of Douglas E. Grover, with Exhibits A through B attached, were served electronically and by U.S. Mail upon:

David I. Schoen, Esq.                          Michael Considine, Esq.
2800 Zelda Road, Suite 100-6                   Day Pitney LLP
Montgomery, Alabama  36106                     One Canterbury Green
dschoen593@aol.com                             Stamford, CT 06901-2047
                                               mgconsidine@daypitney.com

Gail Matthews, Esq.
U.S. Department of Justice
14th Floor
One Pierrepont Plaza
Brooklyn, NY  11201
Gail.Matthews@usdoj.gov


_____
Sunny H. Kim