UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA GRANCIO, individually, and in her capacity as Executrix and Personal Representative of the Estate of Nicholas P. Grancio, <br><br> Plaintiff, <br><br> v. <br><br> R. LINDLEY DeVECCHIO; <br> CHRISTOPHER FAVO; <br> UNITED STATES OF AMERICA. <br><br> Defendants. | CIVIL ACTION NO.  06-CV-0069 (FB)(CPP) <br><br> **HEARING REQUESTED** <br><br> ECF Case |

### REPLY AFFIRMATION OF DAVID I SCHOEN IN SUPPORT OF RULE 56(f) MOTION

DAVID I. SCHOEN, hereby affirms under penalty of perjury that the following is true to the best of my knowledge and belief:

1.  I am providing this Reply Affirmation to respond very briefly to certain specific representations made primarily by counsel for Defendant Devecchio that are demonstrably false and misleading respectively.  I will plan to provide a reply at oral argument to all other arguments made by the Defendants in the papers they have filed in opposition to the Rule 56(f) motion.

2.  Defendants rely in large part in their opposition papers on testimony adduced at the recent criminal trial Defendant Devecchio faced, using selected excerpts to support their positions, knowing full well that the trial court judge has ordered the trial transcript sealed and has refused our efforts (through a colleague) to obtain a copy of the entire transcript.

1

3. Apparently in order to somehow attempt to enhance the significance of the point he is trying to make, counsel for Devecchio cites to a selected portion of the witness Lawrence Mazza's testimony which he contends irrefutably establishes that Devecchio could not have been involved with the Grancio murder and then argues (drawing on his own Declaration) that I was present in the courtroom at the time Mazza gave such testimony. [Devecchio Memorandum in Opposition to Rule 56(f) Motion at 9].

4. Indeed, in his Declaration, submitted with the express representation that he was submitting it on "personal knowledge and information and belief" and that it is "true and correct" "under penalty of perjury," counsel for Devecchio represents to the Court the following: On October 18, 2007, I cross-examined Lawrence Mazza in the related criminal proceeding. **During this questioning, I observed that plaintiff's counsel, David I. Schoen, was present in the courtroom.**" [Emphasis added] Devecchio's attorney appears to make this representation variously to show (1) why it is I should know about Mazza's testimony, even though the trial transcript is not available; (2) why it is so unreasonable that I would not withdraw the case after hearing Mazza's testimony; (3) that I am acting in bad faith.

5. In much of Devecchio's submission with respect to the 56(f) motion and the substantive motion to dismiss or for summary judgment, his attorney simply mischaracterizes the record (e.g. regarding Mazza's testimony before Judge Weinstein - see Schoen Affirmation in opposition to motion to dismiss at Page 10] and it is bad enough to play fast and loose with the facts. Here, to further a campaign of personal attacks against me, Devecchio's counsel makes an absolutely false representation under penalty of perjury.

6. Earlier today, I took what I thought to be the appropriate step when confronting something like this and I sent an email to Mr. Grover advising him that he had misrepresented the facts and

suggesting that he take the opportunity to write to the Court himself to correct the error. Instead, he responded that he recalled seeing someone in the courtroom who looked like me and that he would make "further inquiry" and get back to me by Wednesday. He then sent his associate an email asking whether it were I who he had seen in the courtroom during Mazza's testimony. Mr. Grover did not represent to the Court that he "believed" it was I who he saw, nor did he indicate any question about it which might require "further inquiry." Indeed, one would think that a lawyer who makes a decision to engage in nasty personal attacks repeatedly would have his facts straight; but for this lawyer the actual facts and the truth appear to be poor substitutes for representations that make his argument seem more compelling.

7. The fact is, on October 18, 2007, during Mr. Grover's examination of Lawrence Mazza, I was no where near New York and I did not see the examination, nor have I ever seen Mr. Mazza in any setting that I am aware of. Mr. Grover's representation is false and his arguments based on it should be ignored.

8. Devecchio's attorney continues this pattern of making it up as he goes, apparently with the hope that the Court will not really read the record and will just take his representations as truth - as perhaps a court ought to be able to do with respect to a responsible attorney's representations. I will provide a significant example:

9. Mr. Grover asserts at pages 8 and 9 of his Rule 56(f) opposition Declaration that the "only source" on which I rely to "dispute defendant's evidence" in an "alleged declaration by Larry Mazza." He then completely mischaracterizes what I have represented the substance of the Mazza Declaration to be as well as the degree to which I have relied on it.

10. The Mazza Declaration provides exactly what I represented that it provides in my Rule 56 and motion to dismiss opposition Affirmation at Page 10.

11. Since counsel has continued to engage in these misstatements and repeatedly and accusingly both misrepresents what it purports to say and suggests that such there is no such statement by Mazza,[1] I have decided that the appropriate course of action, to balance my agreement with the person who provided it to me not to voluntarily submit the statement, and to refute these continued baseless attacks, is to proffer Mazza's statement to the Court, under seal at the time of the oral argument and ask that it be marked as an exhibit. The Court will then see that it provides exactly what I have represented it to provide. If the Court deems it appropriate or necessary to then unseal it and provide a copy to counsel, the Court can make that decision at that time. I am also prepared to provide the Court under seal, with the same proviso, with an email from Mazza that also will make clear that Mazza certainly believed that Devecchio may well have spoken by phone with Scarpa prior to the Grancio murder. I would only ask that with respect to the copies provided to defense counsel, the Court first redact the fax header from the statement and the email address used by Mazza from the email, given his expressed safety concerns. Again, if the Court does not consider those conditions appropriate, I will, of course, yield to the Court's decision and still feel that I have honored my commitment to avoid exposing these documents publicly to the best of my ability, but consistent with my obligations to my client and to the Court.

12. Mr. Grover knowingly and outrightly misrepresents the facts yet again on this subject when he asserts at Page 9 of his Declaration in opposition to the Rule 56(f) motion that "Counsel for

---

[1] Mr. Grover refers to it in his Declaration in opposition to the Rule 56(f) motion as an "alleged declaration," he refers with unconcealed glee to my "sudden silence" about the document, he refers to the "purported contents" of the "alleged" statement, and he cites to Mazza's testimony that he "did not provide any type of document to counsel" (never mind that I have made it clear that Mazza did not provide it to me or other "counsel.") among other offensive things.

plaintiff has even stated that were it not for the Mazza Declaration, he would not have brought the action against defendants." Indeed, the quote he uses to support this false statement proves the lie. I did not rely at all on the Mazza statement in bringing the case. I did not even obtain it until well into the case. To the extent it is at all relevant, other than to Devecchio's absurd "sanctions" claim, what I wrote in an email to defense counsel was that if I did not believe the statements reported by a member of the bar of this court and a well respected scholar as to what Mazza had told them in detail, I would not have brought the case. Mazza's Declaration had nothing to do with it and setting it up otherwise as a straw man argument, so that he can attack the Declaration or imply it does not exist is not availing; rather it is just plain slimy lawyering.

13. Devecchio's counsel uses personal ridicule as a means of argument throughout his papers, but he does it perhaps most clearly at Page 7, n. 4 of his Declaration. There he addresses my request for information, in a list of items, about the murder of "Fat Dom Borghesi." This was not something I made up no is it part of a "speculative" "fishing expedition." It was reported to me as something testified to in the Devecchio criminal trial. Apparently, the witness at trial was wrong - just as in part of Mazza's testimony, not provided by the defense, he was wrong to assert that he was involved in the murder of "Pasquale Amato" who also happens to be alive. This is just another cheap shot and inappropriate use of ridicule.

14. I will address additional issues and what I believe to be more relevant arguments regarding the Rule 56(f) motion at oral argument.

    I affirm under penalty of perjury that all of the foregoing is true and accurate to the best of my recollection and belief.

March 17, 2008
Atlanta, Georgia

                              _____
                                  David I. Schoen

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a true and correct copy of the foregoing on all defense counsel via the ECF system on this 17th day of March, 2008.

                                              S/David I. Schoen
                               Counsel for Plaintiff Maria Grancio

David I. Schoen(DS0860)
2800 Zelda Road
Suite 100-6
Montgomery, Alabama 36106
334-395-6611
Fax: 917-591-7586
DSchoen593@aol.com.