DAVID SCHOEN
ATTORNEY AT LAW
2800 ZELDA ROAD, SUITE 100-6
MONTGOMERY, ALABAMA 36106

ADMITTED IN
ALABAMA
MARYLAND
NEW YORK
DISTRICT OF COLUMBIA

TELEPHONE: (334) 395-6611
FACSIMILE: (334) 272-0529
E-Mail: DSchoen@abanet.org

August 18, 2008

Honorable Frederic Block
United States District Judge          *   Via ECF   *
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201          Re: *Grancio v. Devecchio et al.*; 06-CV-0069 (FB)(CPP)

Dear Judge Block:

On August 4, 2008, I filed a motion in the above-referenced case seeking reconsideration, etc. of the Court's decision dismissing this case under the procedural authority and for the substantive reasons set forth in the Memorandum that accompanied the Notice of Motion.

On August 15, 2008, 1 day before the Defendants' responses to the motion were due to be filed under Local Rule 6.3, I received an email from government counsel on behalf of all defendants seeking my consent to a 2 week extension of time for the defendants to respond. As I have advised defense counsel in the past, I have a standing policy of always agreeing to requests for extensions of time and, in this case, I was especially moved by government counsel's explanation of a family medical emergency and so I readily gave my consent immediately upon receipt of the request. I expected to see a copy of a letter to the Court simply seeking an extension of time and reciting my consent. Instead, I received via ECF a copy of a letter from counsel so providing, but which also contained what I consider to be a cheap and inappropriate shot implying something lacking in my submission and a substantive assertion which I do not believe belonged in such a letter submitted on consent and so I am briefly responding today.

1. Twice in the government's letter, counsel advises the Court that the additional time the defendants need is attributable in part to my "fail(ure)" to attach a copy of the transcript of oral argument from the March 20, 2008, to the Notice of Motion and supporting Memorandum that I filed seeking reconsideration and other relief. [e.g. "Plaintiff ... failed to attach it ...."].

I had no obligation at all to file a copy of the transcript with the motion. Immediately following oral argument on March 20, 2008, the court reporter asked all parties at the same time whether we wanted to order a copy of the transcript. I said that I did and the others said that they were not sure. I ordered a copy and paid for it out of my own pocket, as generally is the case in a *pro bono* case. I had no idea whether the defendants ordered a copy or not and there is no reason that should be my concern. I had no obligation whatsoever to scan in and file a copy of the transcript and the government has no basis for implying otherwise. The defendants had the same opportunity as I to order it and certainly have far greater means. Ironically, when I received

counsel's email seeking my consent to the extension of time, I expressly offered in the future to provide counsel directly with a copy of any transcript I might have which she needed. Defense counsel in this case have not hesitated to bring to the Court's attention email correspondence in the past. I was surprised here to see the complaint about my "fail(ure)" to file a copy of a transcript equally available to us, without any mention of my offer and I consider the suggestion that the need for an extension is attributable in any way to the same an inappropriate cheap shot.

2. In paragraph 3 of her letter, government counsel takes the opportunity in her letter requesting an extension to make a substantive argument. So I will respond here. The government claims in its letter that Mrs. Grancio's "primary claim on reconsideration" which counsel characterizes as a claim that "she had no notice that the government was seeking summary judgment on the merits" is "first and foremost belied by the fact that the government's Notice of Motion and supporting papers expressly moved for dismissal under Fed. R. Civ. P. 12(b)(1) or, in the alternative, for summary judgment **on the merits** pursuant to Fed. R. Civ. P. 56" and, is "undermined" as well by the transcript of the oral argument.[1]" [Emphasis added]

    First, as for the Notice of Motion, the copy of the same with which I was served in this case certainly mentions Rules 12(b)(1) and 56; but it absolutely does **not** in any way indicate that its Rule 56 theory is in any way based on the "**merits**" of the case as counsel now asserts in her August 15, 2008 letter to the Court.

    Indeed, the "supporting papers" which counsel advises the Court also "expressly moved ... for summary judgment **on the merits** pursuant to Fed. R. Civ. P. 56" in reality "expressly" provide something quite different and make it crystal clear - as does everything else associated with the government's submission - that the motion expressly and pointedly was not directed at all to the merits of Mrs. Grancio's claims for relief in this case. [Emphasis added]

    For example, if one were not convinced as to the exclusive nature of the government's motion and theory for relief under both Rules 12(b)(1) and 56 from the Table of Contents which reflects exclusively arguments directed solely to subject matter jurisdiction, based on erroneous claims of time bar and exhaustion, one need only look to the government's express characterization of its argument in asking the Court for the relief it sought. The following is found at Page 4 of the government's Memorandum of Law in Support of its motion, summing up its arguments in brief:

---

[1] There is no explanation provided as to how the transcript "undermines" Mrs. Grancio's claim on reconsideration; but we will look forward to seeing that argument in the government's response papers.

"Accordingly, all of plaintiff's claims in Counts II through XI should be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), **or in the alternative, the court should grant the United States summary judgment and dismiss the FTCA claims as time-barred pursuant to Fed. R. Civ. P. 56.**" [Emphasis added]

Government counsel could not have made it more clear that the Rule 56 alternative basis for her motion was simply another procedural tool, perhaps because she was asking the Court to rely on materials outside the pleadings or for some other unexplained reason,[2] to advance her arguments fixed solely and exclusively on subject matter jurisdiction and not in any way, shape, or form on any merits arguments - either for notice purposes or for purposes of satisfying a moving party's burden under Rule 56.

Of course, if this express statement of the nature of the government's argument were not enough to answer the question, one would then do well to next consider footnote 2 at pages 1-2 of the Memorandum of Law, in which government counsel notes that in the event the government's motion were denied, the government "reserved the right" to raise in a future filing merits based arguments which are then identified more specifically.

The whole argument is an absurd and intellectually dishonest one, I am sorry to say. There is nothing to be found in any part of any submission made by the government in this case which in any way deals with the merits of Mrs. Grancio's claims and the government's own papers makes this point as clearly as anything else could. There was nothing whatsoever before the Court to authorize or enable to the Court to analyze, consider, or in any way evaluate the merits and substantive viability of claims by Mrs. Grancio that it was negligent, for example, under New York law, brought through the FTCA, to give license to a known killer and dangerous informer to carry a gun and to kill, to pull surveillance off of a known target of that killer, to allow probably the most crooked and corrupt FBI agent in the agency's history to continue his corrupt relationship with such a man and for others like Mr. Favo and other experienced agents and supervisory agents to actually facilitate that relationship knowing its nature, by falsifying documents, etc. all as alleged in the First Amended Complaint and other papers on record here and the same goes for the other torts alleged by Mrs. Grancio. There certainly was no basis for dismissing such claims at this juncture.

It is unseemly enough for the government to stand up for the conduct that occurred in this case and even more for the person or people responsible for such conduct. Defending such

---

[2] The Memorandum at page 2 addresses the basis and standard of review for the Rule 12(b)(1) element of the motion; but is silent in explaining the Rule 56 basis, standard, etc.

conduct and people, however, should not be made on the basis of misstating positions and matters of record. Government counsel is far too capable and talented to resort to such methods.

With all due respect, it was clear error beyond any question for the Court to have dismissed all claims in this case, all without any opportunity for discovery which would have demonstrated, *inter alia*, just how and why Mr. Grancio's murder was proximately caused by such negligence and other tortious conduct. The error is most clearly apparent as it applies to the FTCA claims; but it applies to the *Bivens* claims as well.

The appropriate thing to do with respect to the FTCA claims would be for the government to acknowledge the error here and now, as I have suggested in an email to government counsel. There is little upside, one would hope, in misleading the Court into reaffirming its error in this regard or in convincing the Court willingly to reaffirm its dismissal, only to cause "make-work" before the Second Circuit. There may well be political or other considerations which have doomed the various cases which otherwise would expose the rampant institutional corruption which allowed a Devecchio to operate as he did with impunity; but one would hope that the Court of Appeals at least will summarily reverse a dismissal based on arguments never even put before the District Court and there is no reason to require an unnecessary waste of time and money pursuing such a matter on appeal.

One must assume that in a case with voluminous materials filed and various theories for relief at issue, it was simply a matter of oversight or honest mistake that led to this clear error; but as Mrs. Grancio will argue in her substantive reply, now is the time to correct the error and grant relief from the judgment the Court has entered. In any event, to the extent unfair or inaccurate assertions are made in any filing, including something that should have been as simple and straightforward as a request for an extension on consent, I intend to respond both for the Court's edification and for the record.

Respectfully,

David Schoen
Counsel for Plaintiff Maria Grancio

cc: All counsel via ECF