UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARIA GRANCIO, individually, and in her capacity as Executrix and Personal Representative of the Estate of Nicholas P. Grancio, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  06-CV-0069 (FB)(CPP) |
| R. LINDLEY DeVECCHIO; CHRISTOPHER FAVO; UNITED STATES OF AMERICA. | ) ) ) ) | **HEARING REQUESTED** |
| Defendants. | ) | ECF Case |

**REPLY MEMORANDUM IN SUPPORT OF MARIA GRANCIO'S MOTION FOR RECONSIDERATION, TO AMEND JUDGMENT, OR RELIEF FROM JUDGMENT**

Rather than offering anything other than the specific reply which follows, in reply to the defendants' responses, Mrs. Grancio relies on her original submission on this motion and all pleadings and letters previously filed in this case, from the First Amended Complaint to date. She further asks the Court respectfully to grant oral argument on this important motion.  In short, there is little to nothing in the defendants' papers that requires a reply.  They are unabashed attempts to capitalize on the Court's clear erroneous decision which overlooked key facts and theories in the case and which decided issues never even before the Court.

Perhaps there is nothing anyone can do in this district to expose to the light of day the conduct underlying this case and so many others involving these defendants and the corruption that attended these matters in the various offices associated with the process here that allowed all of this corruption to occur for so long, through a sort of ends justifying the means approach,

affecting aw enforcement, prosecutors, and judicial officers.  If that is the case, there is nothing the undersigned is capable of providing to the Court that will lead to a reconsideration and correction of what we believe to be the clear error in dismissing the claims.  The arguments have been presented and we rely on that.

The following is the limited exception specific reply Mrs. Grancio will offer, absent any specific questions by the Court and hopefully in addition to a presentation at oral argument:

It is clear beyond any dispute that the Government raised only two arguments in support of its motion to dismiss or for summary judgment.  Those two arguments, as the Court well knows, were limited to issues having nothing whatsoever to do with the merits.  Specifically, the Government argued that dismissal or summary judgment was appropriate because of an alleged statute of limitations problem and a failure to exhaust claims or follow the appropriate administrative prerequisites in this case.  That is the end of the story with respect to the Government's submission.

It is clear that the Court also understood this to be the case without any question as the following excerpt from the oral argument held in this case on March 20, 2008 reflects at page 47:

> THE COURT:..let me ask the Government.  If I were to grant qualified immunity to DeVecchio and Favo --I don't know whether I will at this point in the litigation or not --where does that leave the Government?  **You've only moved to dismiss for failure to exhaust and on statute of limitations, and if you lose that and there is qualified immunity, where are you now?  Are you still in the case?**
>
> Ms. Matthews:  **"Yes, Your Honor.  But what we would do is we would basically reassert all of that same information and move for summary judgment on the tort case.**

The exchange shows first, of course, that the Court clearly understood after all briefing that the government had raised only 2 issues for consideration - statute of limitations and

2

exhaustion - making the claim that appropriate notice of summary judgment with respect to the substantive tort claims on their merits had been given.  Neither the Court nor Mrs. Grancio understood there to be such notice from the style of the motion - the only support to which the government points for such purported notice - nor does the law recognize the same as being in any way sufficient under Rule 56.

The exchange, perhaps more tellingly, rather sharply and irreconcilably belies the government's claim now that of course summary judgment on the substantive claims was before the Court somehow, as all should have known (again from the title of the motion, without any mention of the claims by name, any argument, any discussion of relevant facts,, elements of the claim, etc.).

In fact, the government acknowledged that only the statute of limitations and exhaustion claims had been raised and told the Court it would have to re-file to raise the substantive claims if the other defendants prevailed on the substantive claims.  What happened?  Government counsel forgot that she actually had raised the claims on the merits of the torts?  Of course not, she well knew and at that time candidly acknowledged it - as the government should have done in responding to this motion in good faith.

Instead, there is not even a sense of recognition in the government's response that it is at least a bit unusual, let's say, to have raised a motion that would be dispositive of all claims in a case, without ever actually mentioning the claims, offering any argument on them, or even including such a claim in a table of contents.  This is pure and utter nonsense.

The transcript then continues briefly with Government counsel suggesting, as she has in her papers now before the Court on this motion, that simply styling her motion as being for summary judgment, in the alternative, somehow ought to carry the day in achieving summary

judgment as a matter of law on each and everyone of the substantive claims brought against the Government under the FTCA, notwithstanding the fact that nowhere in any papers is there any suggestion that there is a basis for summary judgment as to any of those substantive claims, nor are the claims themselves ever even mentioned in the Government's papers as being before the Court for any purpose with respect to any summary judgment motion.

Moreover, as has been demonstrated in Ms. Grancio's moving papers, the Government, specifically reserved its right to make a motion on substantive grounds sometime in the future if the motion it had filed did not succeed on the procedural issues that were the exclusive focus of the Government's motion papers.

Similarly, claiming to have joined in the other defendants' moving papers is not at all availing on this point.  For nowhere in any other defendant's papers were any of the substantive tort claims specifically alleged in the First Amended Complaint discussed nor could they have been since the Government is the exclusive representative of the defendants with respect to the FTCA claims.

Each of the tort claims has specific elements under New York law, brought through the FTCA and those elements must be addressed in a motion, with notice to the plaintiff that such elements are to be addressed well before there can be any consideration of throwing out any or all such substantive claims.  That is about as basic as it gets with respect to Rule 56 and notice.[1]

To the extent the Government and any other party argues that all claims in this case were

_____

[1] *See,e.g. Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 641 (5th Cir. 2007)(A court may not dismiss claims on summary judgment which have not been specifically raised and argued before the Court);  *Accord, Baker v. Metro Life Ins. Co.,* 364 F.3d 624,632 (5th Cir. 2004)*; John Deere Co. v. American National Bank, Stafford,* 809 F.2d 1190, 1192 (5th Cir. 1987); *See also Scotti v.. New York,* 1990 U.S. .Dist.. LEXIS 19417 (SDNY, March  1, 1990)(citing *John Deere* with approval).

dependent on believing that Larry Mazza called DeVecchio after seeing Grancio and before killing him, such an argument completely ignores every claim in this case other than one.  Many many months and lots of paper were spent in this case briefing and bringing to the Court's attention claims related to what the Court loosely has referred to as a "failure to protect" claim.

The theory behind those kinds of claims and the tort claims for negligence, negligent supervision, and the rest, are that it was a corrupt system, acting through agents like DeVecchio and Favo (and of course, specifically including their actions) that proximately caused the death of Nicholas Grancio.  That is, these people knew that Scarpa was as a stone-cold killer and he was in their employ.  They knew that one of Scarpa's intended and immediate victims was Nicholas Grancio.  They knew that Nicholas Grancio was under surveillance on the day in question.  And they called off that surveillance, despite the protestations of the police officers conducting the surveillance.

Further, as the record evidence establishes, they specifically knew that on that day Nicholas Grancio was a specific target of Scarpa who they knew to be an armed killer roaming the streets looking for his victims.  Whether or not Larry Mazza knows that Scarpa called them that day is not at all determinative of these claims.  I am just providing a short-hand version of the theories and facts and, of course, the pleadings already filed control.  This has all been briefed in great detail.

Even at oral argument, the Court seemed to understand that the claims focused on allowing a known killer to remain in the government's employ as an informant, knowing a target to be on the street, etc., in addition to and alternatively to the more direct allegations. [See e.g. Oral Argument Tr. at 52, bottom] Moreover, when I expressly explained to the Court that the allegations about Mazza and the call were not in any way dispositive (consistent with the

arguments in the brief and the associated Rule 56 documents). [See e.g. Tr. at 45: "Judge, but my burden isn't to prove that there was that phone call that day, because it may be impossible to prove that that phone call happened that day.  But that's not the entire basis for the complaint, as the Court pointed out far better than I could earlier on."]

It is simply disingenuous for any defendant to suggest that the claims in the case were dependent on the Mazza account of Scarpa's phone call.  The theories for relief and proximate causes alleged in the alternative were much broader and drew on the whole history of what these agents knew and licensed to happen based on that knowledge.  The Court erred in basing its decision on an understanding otherwise.

The Court's decision overlooks virtually all of the allegations in the First Amended Complaint, and most of the papers submitted by Mrs. Grancio in connection with the individual defendants' summary judgment motions which explained the various theories for relief which were not in any way dependent on Mazza.

In short, most of the claims have nothing whatsoever to do with the specific details of when or whether Mazza heard Scarpa call whom in relation to the murder.  It is the corrupt system and the specific relationship that Favo and DeVecchio had with Scarpa and specifically, their actions and omissions in the context of what they knew about Nicky Grancio being Scarpa's target and in danger that day and under surveillance that day, which Favo's call removed that is at the heart of all of these other claims, both constitutionally based and tort based in this case, as page after page of the briefs filed by the parties on these issues in the context of the summary judgment motions makes clear.

There was, therefore, no basis for dismissing the *Bivens* claims based on those series; but at least they were addressed to the Court in the context of these motions.  The Court determined

that it did not need to address the theories on which the defendants claimed those *Bivens* claims ought to be dismissed (e.g. qualified immunity) through summary judgment because the Court saw them, erroneously, as tied to Mazza's credibility somehow.  That is another matter.  With respect to the FTCA claims, they were never even before the Court in any way shape or form on their merits and they certainly have nothing to do with the details surrounding Larry Mazza.

With respect to the single claim that directly focuses on Mazza's call to DeVecchio and DeVecchio's call to Favo again, the Court's error was in determining credibility issues regarding Mazza and in giving Mazza and the timing of events too central a role in the viability of the claims.  The Court construed the claim and the relevant facts far too narrowly than appropriate to for purposes of summary judgment.  But that, again, is another matter and has been addressed in our moving papers on which we rely.

Mrs. Grancio incorporates herein once again all pleadings and letters previously filed in this case and begs the Court to provide oral argument on this important motion.


Dated: Washington, DC
September 12, 2008

Respectfully submitted,

LAW OFFICES OF DAVID I. SCHOEN
By:   S/ David I. Schoen
David I. Schoen (DS-0860)
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611; Fax: (917) 591-7586
DSchoen593@aol.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK


MARIA GRANCIO, individually, and
in her capacity as Executrix and Personal
Representative of the Estate of Nicholas P.
Grancio,

      Plaintiff,

v.                               CIVIL ACTION NO.  06-CV-0069 (FB)(CPP)

R. LINDLEY DeVECCHIO;
CHRISTOPHER FAVO;
UNITED STATES OF AMERICA.
                                  ECF Case

      Defendants.



## CERTIFICATE OF SERVICE

      I hereby certify that on September 12, 2008, I served a copy of the foregoing Reply Memorandum in Support of Mrs. Grancio's Motion under Local Civil Rule 6.3, F.R.C.P. 59(e) and 60(b) on counsel for all Defendants through the ECF system.



s/David I. Schoen (DS0860)

David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Phone: 334-395-6611; Fax: 917-591-7586
E-Mail: DSchoen593@aol.com

COUNSEL FOR PLAINTIFF